ALBANY,
October, 1828.

Fobes
v.
Meigs.

---

Fobes <i>vs.</i> Meigs.

Where a plaintiff in an action of assumpsit recovers a sum not carrying costs, and the defendant is entitled to costs, the defendant in the first instance cannot make up the record of judgment.

TAXATION of costs. The plaintiff in an action of assumpsit recovered a sum *less than fifty dollars*. The defendant in his bill of costs charged for making up a record of judgment, which was allowed by the taxing officer; from which taxation there was an appeal to this court.

*Bacon & Ford*, for plaintiff.

*J. Edwards*, for defendant.

His course is, to have his costs taxed, and to require of the plaintiff to insert the same in the record, or, if the record be already made up and filed, to enter a suggestion on it, stating the taxation of the costs, and the amount thereof,

*By the Court*, Marcy, J. In England, where a plaintiff recovers a sum not carrying costs, and the defendant in consequence is entitled to costs, the practice is, to move the court for leave to enter a suggestion to that effect upon the record, to have the costs taxed and marked upon the postea and issue roll. Here, where it appears upon the face of the postea that the defendant is entitled to costs, it is not necessary to make such motion. By our statute, in a case like this, if the plaintiff does not recover above the sum of fifty dollars besides costs, he does not recover costs, but pays costs to the defendant; and it is provided that "the defendant shall have judgment and execution for the same in like manner as if a verdict had been given for him." (1 R. L. 344.) From the phraseology of the act, it would seem that a defendant was authorized to make up a record of judgment for his costs; but this cannot be the true construction, for the plaintiff has an unquestionable right to make up the record for the amount of his recovery, and should he do so, and the defendant also make up a record, there would be two records of judgment in one cause, which is not in harmony with the orderly conduct of legal proceedings. Whatever may have been the practice heretofore, the correct course is for the plaintiff to make up the record of judgment, the defendant to procure his costs to be taxed, and to require the plaintiff to insert them in the record, or, if the record be already made up and filed, to enter a suggestion on it stating the taxation of the costs and the amount thereof. No inconvenience can result from this practice; for if the plaintiff should neglect to make up and file the record, the court would give leave to the defendant to do it, as in cases where he wishes to bring error, and the plaintiff neglects to file the record.