## STILWELL *a.* STAPLES.

*New York Superior Court; General Term, October,* 1856.

### COSTS.—COUNTER-CLAIM.—PREVAILING PARTY.

A plaintiff who sues in a court of record in an action arising on contract and for the recovery of money only, and proves contested demands, which, with those established by the defendant, exceed four hundred dollars in amount, is entitled to costs as a matter of course, if he recovers any sum whatever.

A justice of the peace has no jurisdiction of such an action, within the meaning of subdivision 3 of section 304 of the Code.

Demands contested by the *pleadings,* but *admitted* on the trial, are "proved" within the meaning of that word, as used in section 54, subdivision 3. The admission at the trial dispenses with other evidence, and is itself the proof on which the justice acts.

A plaintiff is not required to commence an action in a justice's court, and prove demands which with those proved by the defendant shall exceed four hundred dollars, and then be dismissed, as a necessary preliminary to suing in a court of record. It is enough to entitle him to costs, that the facts as proved in a court of record, establish it to be one of which a justice of the peace by section 54 has no jurisdiction.

Appeal from a decision of the special term, in respect to costs.

Stilwell a. Staples.

This action was brought by Stilwell and Montross, against Staples, to recover the sum of $656.76, and interest, for manufacturing articles of clothing, and for materials and trimmings furnished. The answer denied that the labor and materials were worth so much as was alleged in the complaint. It also set up as the basis of a counter-claim that defendant delivered to the plaintiffs to be manufactured into clothing, goods of the value of $3000, which the plaintiffs agreed to manufacture, and meantime to insure against loss or damage by fire,—that a part of these goods of the value of $855 were destroyed by fire,—that they were in fact at the time of loss insured as agreed for,—and that the plaintiffs before this action was brought had received money arising from such insurance more than sufficient to satisfy their claim. The answer prayed that sufficient of such moneys be applied to extinguish the claim of the plaintiffs, and that the defendant might have judgment for the balance. There was a reply put in, to so much of the answer as set up this counter-claim.

On the trial, the claim of plaintiffs—amounting with interest to $832.97—was admitted. The amount of the defendant's claim was, by consent, to be ascertained by the court, subject to the opinion of the court at general term, upon the question whether, upon the facts proved, the defendant was legally entitled to be credited with any part of the insurance moneys realized by the plaintiffs from the policy in force at the time of the loss. The general term decided that the defendant was legally entitled to $831.82 of such money. This was enough to satisfy the plaintiffs' claim, less $1.15; and for that sum the plaintiffs had judgment. Each party claimed the costs of the action as matter of right; and this was the question now before the court.

*Stilwell & Swain*, for plaintiffs.

*C. Bainbridge Smith*, for defendants.

By THE COURT.*—OAKLEY, CH. J.—The defendant insists that this being an action for the recovery of money, the plain-

---

* Present all the justices except Hoffman, J.

tiffs cannot recover costs for the reason that they have recovered less than fifty dollars, and as they are not entitled to costs he is entitled to them as a matter of course under section 305 of the Code.

The plaintiffs insist that this is an action of which according to section 54, a court of a justice of the peace has no jurisdiction, and therefore their right to costs is absolute.

Section 304 of the Code declares that "costs shall be allowed of course to the plaintiff upon a recovery in the following cases."—" In an action of which according to section 54 a court of a justice of the peace has no jurisdiction;" (*subd.* 3.)

Section 54 reads thus :—" But no justice of the peace shall have cognizance of a civil action," in certain cases which it enumerates. Its third subdivision is in these words : "Nor of a matter of account when the sum total of the accounts of both parties proved to the satisfaction of the justice shall *exceed* four hundred dollars."

The claim of the plaintiff, the amount of which was controverted by the answer as established at the trial, of itself exceeded four hundred dollars. This was extinguished, except the small sum which the plaintiffs recovered, by claims in favor of the defendant which he proved at the trial. Although the amount of the plaintiffs' claims was admitted at the trial, yet such admission was as much proof of it within the meaning of the statute as if it had been established by witnesses in open court. The existence of the claim of either party to the amount demanded was contested by the pleadings, and that of the defendant was wholly denied. We think it quite clear that section 54 prohibits a justice of the peace from *taking* cognizance of such an action. Section 304, subdivision 3, is explicit that costs will be allowed to a plaintiff in such a case as a matter of course if he recovers any amount. A justice of the peace could not investigate the claim of the defendant, and on proof of it to his satisfaction to $831.82 in amount, allow it as proved and give a valid judgment in favor of the plaintiffs for the difference between the two claims. A plaintiff is not required to commence an action in a justice's court and prove his account to an amount exceeding four hundred

dollars, including those proved by the defendant, and be dismissed from that court in consequence, as a necessary preliminary to commencing an action in a court of record. It is enough to entitle him to costs that the facts of his case as proved in a court of record establish it to be one of which a justice of the peace by section 54 has no jurisdiction. That section by declaring that a justice shall not take cognizance of an action like this when the facts are such as have been proved in this case, nor of an action of slander or assault and battery, specifies them as cases of which he has no jurisdiction within the meaning of subdivision 3 of section 304.

Under any other construction of the Code, a plaintiff proving any amount less than fifty dollars due to him would be remediless, if the accounts of both parties exceeded four hundred dollars. If he stated his whole cause of action and claimed damages for over one hundred dollars, a justice of the peace would have no jurisdiction, because section 53 is express that he shall only have jurisdiction when the sum claimed does not exceed one hundred dollars. If he claimed just one hundred dollars and took judgment for that sum, his own account would be merged in the judgment and extinguished, and the defendant might then bring a separate action and recover his whole claim. The neglect of a defendant in a justice's court to set off his demands against the plaintiff, is no bar to an action to recover them, when they amount to one hundred dollars more than the judgment which the plaintiff shall have recovered. (2 *Rev. Stats.*, 4*th ed.*, 235, §. 56 [58].)

And in a justice's court " if upon the trial of a cause it shall appear that the amount of the plaintiff's claim together with the demands set off by the defendant according to the preceding provisions," (the provisions of the statute in relation to set-offs,) " exceed four hundred dollars, judgment of discontinuance shall be rendered against the plaintiff with costs." (*Ib.*, § 52 [54].)

We think it obvious that these statutes expressly prohibit, a justice of the peace from passing judgment between parties upon demands of each against the other arising upon contract and amounting together to over four hundred dollars, when such demands are contested. That in such a case a plaintiff

who sues in a court of record and proves contested demands which with those established by his adversary exceed four hundred dollars in amount, is entitled to costs as a matter of course if he recovers any sum whatever.

In this view of the case the plaintiffs are entitled to the costs of this action, and judgment will be entered accordingly.

---

## MALLOY *a.* WOOD.

*New York Superior Court; General Term, October,* 1856.

TRIAL BY THE COURT.—JUDGMENT SUBJECT TO OPINION OF GENERAL TERM.

Where a cause is tried before the court without a jury, it is improper for the court to direct a judgment subject to the opinion of the general term; and the cause cannot be brought before the general term upon such order.

That order can only be made in cases of trial by jury.

A decision in case of trial by the court or by referees can only be reviewed upon *appeal*; and a judgment is essential as the basis of such appeal.

Motion for judgment of dismissal of complaint.

This motion was brought by Rowland S. Malloy against Reuben R. Wood and Constant H. Brown. The complaint stated that the plaintiff was a real estate broker, and the defendants represented themselves to be owners of a house and lot in New York city;—that defendants employed plaintiff to sell the property for $5,500,—and agreed to pay him one per cent for the service,—that he found a purchaser, and thereby became entitled to the compensation; which however the defendants neglected and refused to pay.

The defendants answered separately, denying most of the allegations in the complaint.

On the trial before the court without a jury, the court allowed the plaintiff to amend his complaint and to discontinue as against Brown. The defendant's counsel then moved to dismiss the complaint as against Wood. But the court denied the motion, and ordered judgment for plaintiff, subject to the