## SUPREME COURT.

### PHILIP CRIM agt. LEWIS CRONKHITE.

By section 304 of the Code, *costs* are allowed of course, to the plaintiff, upon a recovery in the actions of which according to section 54, a court of a justice of the peace has no jurisdiction.

By section 54, subdivision 4, it is declared that no justice of the peace shall have cognizance " of a matter of account, where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed four hundred dollars."

Under the Revised Statutes, which contained a similar provision, it has been fully settled by authority, that *payments* made towards satisfying a debt were not *demands*, and constituted no part of an account, but *extinguished* the debt *pro tanto*.

The plaintiff's claim for labor in this case, for which he demanded judgment, was $336, and interest. The defendant's allegations of payment, and counter claims, for which he demanded judgment, were $200. On the trial before the referee, he found the plaintiff's claim to be $260.92, and the defendant's payment and counter claim to be $232.28. The payments of the defendant, towards the plaintiff's labor, included in the latter amount, were found to be $95.85. Therefore, the actual *demands* between the parties were only $397.35. The referee found that the plaintiff was entitled to judgment for the sum of $28.64. The court thereupon decided that the defendant was entitled to judgment for costs.

*Otsego Special Term, December,* 1857.

MOTIONS to settle the question as to which party should re-

cover costs upon the report of the referee in the action. The facts necessary to a correct understanding of the case, sufficiently appear in the opinion of the court

R. M. TOWNSEND, *for plaintiff*.
BENJAMIN ESTES, *for defendant*.

BALCOM, Justice. The referee has found that the plaintiff labored for the defendant one year, lacking twenty-one days, and that such labor was worth $260.92. He has also found, that the amount of the defendant's account against the plaintiff, by way of "payment and counter claim," was $232.28; and that as a conclusion of law, the plaintiff is entitled to judgment against the defendant, for the sum of $28.64. The report is silent on the question of costs.

The affidavits read on these motions, show that the defendant's account against the plaintiff, was made while the latter was performing the labor above mentioned; that the whole of it was charged to the plaintiff, item after item, with the dates thereof, in the defendant's account book; that items of the account, amounting to $95.85, were for money the defendant paid to the plaintiff, from time to time, towards his labor, for which he took no receipt; also that the plaintiff looked over the account, or the greater portion of it, with the defendant, and admitted its correctness. The affidavits referred to, also show that the foregoing facts were proved on the trial.

The plaintiff's claim for labor, and the defendant's allegations of payment, and counter claim, were put in issue by the pleadings. The demand of judgment in the complaint, was for $336, and interest thereon, besides costs. The defendant demanded judgment in his answer, against the plaintiff, for $200, besides costs.

The total amount of the demands of both parties, including payments made by the defendant to the plaintiff, towards the labor of the latter, as established by the referee's report, is $493.20; but by deducting therefrom the sum of the defendant's payments towards the plaintiff's labor. viz: $95.85, it

will be seen that only $397.35 of *demands*, were in issue at the trial.

The legislature by section 54 of the Code, has ·declared that no justice of the peace shall have cognizance " of a matter of account, where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed four hundred dollars." (*Subdivision* 4.) By section 304 of the same act, costs are allowed " of course to the plaintiff," upon a recovery, " in the actions of which, according to section 54, a court of a justice of the peace has no jurisdiction." (*Code*, § 304, *sub*. 3.) The jurisdiction of justices of the peace, over matters of account, was limtted in the same manner by the Revised Statutes, (2 *R. S.* 226, § 4, *sub*. 4,) and it was provided therein, that, "where the plaintiff shall recover *any sum* in any court of record, he shall recover· costs, if it appear that his claim as established at the trial, exceeded two hundred dollars, and the same was reduced by set-offs ; *or* that the debts, demands and accounts, of both parties, established on the trial, exceeded four hundred dollars." (2 *R. S.* 614, § 9.) It was settled in cases arising under these provisions, prior to the enactment of the Code, that *payments* made towards satisfying a debt, were not demands, and constituted no part of an account ; but extinguished the debt *pro tanto*. (*Matteson* agt. *Bloomfield*, 10 *Wend.* 556 ; *Mills* agt. *New - York*, *C. P. id*. 557 ; *Lamoure* agt. *Caryl*, 4 *Denio*, 370. *See* 2 *Cowen*, 418.) Within this rule the several payments made by the defendant to the plaintiff, towards the labor of the latter, amounting to $95.85, although charged to the plaintiff, with items for goods sold to him on the defendant's books, cannot be considered in determining whether the sum total of the accounts of both parties exceeded four hundred dollars ; but the amount of such payments must be regarded as having extinguished a like portion of the plaintiff's claim for labor. This rule is too well settled to be departed from ; and it shows that the sum total of the accounts of both parties was less than $400 ; and that a justice of the peace had cognizance of the action. The plaintiff, therefore, having recovered less than $50 damages, is not entitled

to costs; but by section 305 of the Code, the defendant is entitled to a judgment for his costs in the action.

The judgment in favor of the plaintiff for $28.64 damages, and the one in favor of the defendant for costs, must be in the same judgment roll. (*See* 3 *Wend.* 308; 12 *id.* 236; 4 *Hill,* 588; *Gra. Pr. 2d ed.* 339; *Yates Pleadings,* 805 *and* 806.)