# SUPREME COURT.

## JOHN GILLILAND agt. ALANSON P. CAMPBELL.

Where an action was brought upon a promissory not efor $186, given on the set-
tlement of accounts between the parties, and a defence interposed on the ground
of a mistake in fact as to any amount being due to the plaintiff, and the referee,
on the trial, examined all the accounts between the parties, which exceeded
$2,000, and corrected the errors committed in their settlement, which reduced
the amount of the note down to $26.12, and thereupon reported his conclu-
sions of fact, and added thereto his conclusion of law, "that the plaintiff re-
cover of the defendant $26.12, with costs,"

*Held,* 1. That by the facts found a *justice of the peace* had *no jurisdiction* of the
action, and,

2. That the referee's conclusion of law, that the plaintiff *recover costs,* as well as
damages, was correct.

*Broome Special Term, April,* 1859.

THIS action was tried before a referee, who reported his
conclusions of fact; and added thereto his conclusion of law,
" that the plaintiff recover of the defendant $26.12, with costs."
The plaintiff had his costs adjusted by the clerk, and then en-
tered a judgment upon the report against the defendant for
$26.12 damages, and $80.12 costs. The defendant made a
motion to set aside the judgment for costs against him, and
asked for an order that he have judgment for costs against the
plaintiff.

The action was founded on a promissory note, for the pay-
ment of $186. The defence was, that the note was given on
a settlement of accounts between the parties, in which a mis-
take of fact was made, which, if corrected, would show that
the defendant did not owe the plaintiff anything; but that the
latter owed the former $100. The total amount of the ac-
counts settled exceeded $2,000. And they were all examined
by the referee on the trial, and when he made his report, he
corrected the errors that were committed in the settlement,
made by the parties, which reduced the amount due the plain-
tiff, from that specified in the note, down to $26.12.

---

Gilliland agt. Campbell.

---

The accounts settled were partnership accounts; and the referee found how much money each partner had paid out for the firm, and how much each had received for the firm ; and calculated the profits and losses in the firm business, and came to the conclusion that a mistake of fact was made in the settlement, and that the defendant, instead of owing the plaintiff the $186 mentioned in the note, only owed him $26.12.

L. L. BUNDY, *for plaintiff.*
E. E. FERRY, *for defendant.*

BALCOM, Justice. I am of opinion the facts show that this was an action, of which, according to section 54 of the Code, a court of a justice of the peace had no jurisdiction ; and that, therefore, the plaintiff was entitled to recover costs of the defendant. (*Code*, § 304, *subdivision* 3.) The settlement made by the parties of their accounts was found to be erroneous; and for that reason the accounts were not liquidated by the settlement, but were unliquidated so far as the trial was concerned. And as they exceeded $400, and must have been proved to exceed that sum, to the satisfaction of a justice of the peace, if the action had been brought in a justice's court, such a court had no jurisdiction of the action. (*Code*, § 54, *subdivision* 4.) The action was necessarily brought in this court; and as I have before stated, the plaintiff was entitled to costs, although he recovered less than $50 damages. (*See Code*, § 304; *Crim* agt. *Cronkhite,* 15 *How. Pr. Rep.* 250.)

The facts found by the referee show that a justice of the peace had not jurisdiction of the action. Hence the referee's conclusion of law, that the plaintiff recover costs as well as damages, was correct. The report of the referee stands as the decision of the court, and judgment was rightfully entered thereon, in the same manner as if the action had been tried by the court. (*Code*, § 272.) The clerk or the plaintiff's attorney made up the judgment-roll, by including the report therein, in the same manner that he would have included the

decision of the judge, if the action had been tried by the court. (*Code*, § 281.)

I can see no good reason why the referee should not find the facts, that determine which party is entitled to costs, in actions arising on contract, where he decides that the plaintiff shall not recover $50, and also the legal conclusion as to who shall recover costs, and I think it his duty to do so. It has been held, where costs rest in the discretion of the court, and the action is referred, that the referee should determine the question of costs. (4 *How. Pr. Rep.* 300; *id.* 356; 10 *Barb.* 448.) But where the right to costs may be affected by facts not proved on the trial, he has no right to decide that question. (12 *How. Pr. Rep.* 300.)

In cases like the one under consideration, the facts that show which party is entitled to costs, when the plaintiff recovers less than $50 damages, are proved or admitted on the trial; and for this reason I am of the opinion the referee very properly passed upon the question as to which party should recover costs in this action. The motion to set aside the plaintiff's judgment for costs, and for an order that the defendant recover costs, should be denied, with $10 costs.

NOTE.—Affirmed with $10 costs, at the Tompkins General Term, Nov., 1859.