Glackin *v.* Zeller.

Judgment for the defendant.

[WARREN GENERAL TERM, July 14, 1868. *James, Rosekrans, Potter* and *Bockes,* Justices.]

---

## GLACKIN *vs.* ZELLER,

Section 54 of the Code of Procedure takes from a justice of the peace jurisdiction of a case where the total amount of the accounts of both parties exceeds $400; and the fourth subdivision invests the justice with the power of adjudicating this question; and fixes the time *when* he may decide it, viz: "When the fact shall be proved to his satisfaction." This period cannot arrive until the trial has commenced, and the proof been entered upon. Until he decides that question, he has jurisdiction to act.

If, at the close of the plaintiff's testimony, the defendant objects to the jurisdiction of the court, because it appears that the accounts of the parties exceed the sum of $400; whereupon the justice decides that the sum total of the accounts of both parties exceeds $400, and dismisses the cause, on the ground that he has no jurisdiction, the defendant is *estopped* from afterward asserting to the contrary.

It is a judicial finding, by the justice, upon a question of fact, and upon a question of which he had jurisdiction. If the evidence was conflicting, his decision would be conclusive; and it is equally conclusive, if not shown to be erroneous, when the facts upon which he decided are not made to appear. All presumptions are to be in favor of sustaining the adjudication.

The question having been thus decided, by a court of competent jurisdiction, upon a point directly between the parties, such decision, so long as it remains unreversed, is conclusive in all subsequent controversies where the same . point comes again in question between the same parties.

Hence, if the plaintiff in such action on the dismissal of the same by the justice, commences an action in the Supreme Court for the same cause of action, and recovers a judgment, he will be entitled to costs, although the amount of the recovery is less than $50. The defendant cannot recover costs of *him* on the ground that the action should have been brought in a justice's court.

The rule is well established that a party who obtains the benefit of an order or judgment in a cause, and accepts the benefit, or receives the advantage, shall . be precluded from afterwards asking that the order or judgment be reviewed, or from denying the authority which granted it.

52 147
75h 294

52b 147
51ad205

52b 147
62ad198
f 62ad585
62ad587

Glackin *v.* Zeller.

It is not necessary, to entitle a party suing in this court, and recovering less than $50, to costs, that he should have first brought an action in a justice's court. It is enough, if the facts as proved on the trial, in this court, show it to be a case in which, by section 54 of the Code, a justice has no jurisdiction.

Where there are unliquidated accounts between the parties, the total amount of which, *contested on the trial*, exceeds $400, a recovery by the plaintiff of any amount entitles him to costs.

THIS is an appeal from an order of the special term, which vacated a judgment in favor of the plaintiff for costs, and directed the clerk to adjust the costs of the defendant, and enter the same in the judgment roll; and that the plaintiff pay $10 costs of the motion to the defendant.

The papers read on this appeal, and which were before the special term on the motion where the order appealed from was made, show the following state of facts: The plaintiff first brought an action in a justice's court, in February, 1867, to recover for services as a journeyman blacksmith, performed within six years before the commencement of the action, at $2.50 per day, and claimed a judgment for $200. The defendant answered, by denying the allegations in the complaint, setting up a settlement, and payment before suit brought, and an indebtedness by the plaintiff of $90, for money had and received. Issue was joined, particulars of claims of the parties handed in, cause adjourned to 10th March, when the parties appeared and the trial commenced. The plaintiff was sworn and cross-examined. At the close of his testimony, the defendant's counsel objected to the jurisdiction of the court, because it appeared that the accounts of the parties exceeded the sum of $400. Whereupon, the said justice decided that the sum total of the accounts of both parties exceeded $400; and then and there dismissed the cause, on the ground of having no jurisdiction; and upon no other ground whatever.

This action was then commenced in this court, by the plaintiff, for the same identical cause of action; and bills

Glackin v. Zeller.

of items, of both parties, were demanded and served.    The plaintiff's bill of items in this action was stated, by giving the number of days' work in each month, from April, 1865, to January, 1867, inclusive; making twenty-one items, for twenty-one months' services, and making a total of 477½ days, at $2.50 per day, amounting to $1205.50.    The defendant's bill contained one hundred different payments of money, at as many different dates, amounting to $948.50, and thirteen items of set-off, amounting to above $100. The issues were referred to a sole referee, who reported in favor of the plaintiff, $45.44.    The plaintiff, upon this report, entered up judgment, with costs, against the defendant.    The defendant opposed the taxation, and claimed that he was entitled to costs, on the ground that the plaintiff recovered a judgment for less than $50.    The clerk adjusted the plaintiff's costs, and judgment being entered, for damages and costs, the defendant made a motion to the special term to vacate the judgment, and allow costs to the defendant; which motion was granted, with $10 costs; whereupon, the plaintiff appealed to this court from the said order.    This presents the whole question.

*D. P. Corey*, for the appellant.

*George Smith*, for the respondent.

*By the Court*, POTTER, J.   On the trial of this identical cause of action, and the same defense to it, the justice adjudicated that the total of the accounts of both parties exceeded $400, and dismissed the case on the sole ground that he had no jurisdiction of the case, for the reason that the total amount of the accounts of both parties exceeded $400.    The 54th section of the Code, takes from a justice of the peace jurisdiction in such a case; and the 4th subdivision of this section invests the justice with the power

---

Glackin *v.* Zeller.

---

of adjudicating this question; and fixes the time *when* he may decide it, to wit, "*when the fact shall be proved to his satisfaction.*" This period cannot arrive until the trial has commenced, and the proofs been entered upon. Until he decides this question, he has jurisdiction to act. What, then, is the effect of such an adjudication upon the same question subsequently arising between the same parties? What proof was given before the justice in this case, does not appear. The plaintiff only was sworn. But it does appear, that the proof satisfied not only the justice, but it satisfied the defendant at the same time. It was upon his motion to that effect, that he obtained the decision of the justice, that the total of the accounts of both parties exceeded $400. Is he not then estopped from afterwards asserting to the contrary? I think in law he is.

It is a judicial finding by the justice, upon a question of fact, and upon a question of which he had jurisdiction. If the evidence was conflicting, his decision would be conclusive; and it is equally conclusive, if not shown to be erroneous, when the facts upon which he decided are not made to appear. All presumptions are to be in favor of sustaining the adjudication. The statute only requires "that it be proved to his satisfaction;" and from the proof before the justice, he testifies, and returns that it so appeared to him. In the case of *Parker* v. *Eaton*, (25 *Barb.* 122, 125,) it was decided at general term, in the seventh district, by Johnson, T. R. Strong and Welles, justices, "that the determination of the justice (in such a case) is *necessarily* as conclusive on such question of fact, as any other, where his jurisdiction is *not* affected by his finding." This question, then, was decided by a court of competent jurisdiction upon a point directly between the parties; and in *White* v. *Coatsworth*, (6 *N. Y. Rep.* 137,) such a decision was held conclusive in all subsequent controversies where the same point comes again in question between the same parties. This rule was laid down in a case where there

Glackin *v.* Zeller.

had been summary proceedings, before a justice, by a land-
lord to remove his tenant for a non-payment of rent.    The
tenant put in an affidavit denying that any rent was due;
the jury found for the defendant.    The landlord afterwards
distrained for rent due; the defendant replevied.    The
plaintiff avowed for rent due; the defendant denied that
rent was due, and set up the summary proceedings.    The
Court of Appeals held them to be conclusive.    It was the
same question between the same parties; and that the
summary proceedings were before a competent tribunal,
who had jurisdiction over the question.    (*See also Embury* v.
*Conner*, 3 *Comst.* 522–3, *and cases cited*; *and Doty* v. *Brown*,
4 *id.* 71.)    In the case first cited, (*supra*,) Edmonds, J. said,
the decision of a court of competent jurisdiction, directly
upon the same point, is conclusive when the same point
comes again in controversy between the same parties,
directly or collaterally."    "And it makes no difference,
that I can discover, whether the first adjudication is in a
proceeding according to the common law, or summary in
its character.    It is enough, that the question has been
submitted to judicial officers, to be determined in a judi-
cial way, and that the parties and their proofs, have been
heard; and their rights settled by a judicial determination.
When this has been done, the determination is conclusive
upon the parties, until reversed, vacated, or set aside in
the forms prescribed by law."    I see no reason why this
doctrine is not applicable to the case before us.    In a judi-
cial proceeding, by a court having jurisdiction of the
question, it was adjudged between these parties, that the
total amount of their accounts exceeded the jurisdiction
and authority of a justice of the peace to try.    This deci-
sion was binding upon the parties, so long as it remained
unreversed, whenever the same question should arise
directly or collaterally.    That same question did arise
before the clerk on the adjustment of costs, and his deci-
sion was in accordance with the law.    Not only upon

authority of the cases cited, but by the doctrine of estoppel, is defendant bound to pay costs.   It was upon the defendant's motion and request, that the justice made the decision.   It is a rule well established, and upon the wisest and soundest principles of justice, that a party who obtains a benefit of an order or judgment in a cause, and accepts the benefit, or receives the advantage, shall be afterwards precluded from asking that the order or judgment be reviewed, or from denying the authority which granted it. (*See Dezell* v. *Odell*, 3 *Hill*, 215, 216; *Thurman* v. *Fiske*, 30 *How. Pr.* 397; 34 *How.* 449; 4 *Abb.* 468.)

Any other decision would work the most flagrant injustice to parties; the very injustice which it was the object of the statute to prevent.   Let us look at this case upon its merits.   A party having an honest claim, in amount less than $50, upon an unliquidated demand, brings his action in a justice's court.   The defendant meets him there by a pleading, or an offset, or by proof, and upon proof claims that their total accounts exceed $400; and satisfies the justice of the fact.   He then claims the advantage of the statute, to take the case from the justice. He obtains an adjudication in his favor upon this objection, that drives the plaintiff out of that court.   Should not this decision in common honesty and justice be conclusive upon him?   (*See Parker* v. *Eaton*, 25 *Barb.* 122.) The plaintiff by this adjudication is driven to pay his own costs, and is cut off from suing again before a justice. He must lose his demand, or sue in another court.   He proceeds in the only other court that has jurisdiction of the matter; he litigates there until the costs quadruple his demand, and recovers less than $50 damages.   He takes such a judgment thereon as the statute gives him in cases where a justice of the peace has no jurisdiction. (*Code*, § 304.)   He is then met with the objection, in effect, that not only he cannot recover costs, but must pay his own; and has an order that the defendant is entitled to

costs, because the action should have been brought in a justice's court. This presents a case of blowing hot and blowing cold with wind from the same lungs, to the great advantage of the party in the wrong; but clearly not recognized as legitimate blowing, by any principle of justice or equity known to the courts, and in its results, is not in accordance with the spirit and intent of the statute.

But I think the decision of this case does not even depend upon the fact of the adjudication by the justice that the accounts exceeded $400. The plaintiff was not compelled first to commence his action in a justice's court. (*Stilwell* v. *Staples*, 5 *Duer*, 691) It is enough to entitle him to costs, if the facts as proved on the trial, in *this* court, show it to be a case in which by section 54 of the Code, a justice has no jurisdiction. (*Id.*) We have before us, the minutes of evidence, and the report and opinion of the referee. There is no conflict of facts. The plaintiff's claim was an unliquidated claim for labor, without any express contract, (as the referee has found,) for which he was entitled to recover as upon a *quantum meruit.* The amount was not admitted by the defendant; the number of days service, and the value of the labor per day, were questions litigated before the referee. The amount of this unliquidated account of the plaintiff as settled by the referee, was $1142.40. True, all the several payments made in money by the defendant, during the running of this account, amounted to $948.40. The difference between them when ascertained, was only $194. The defendant, however, had offsets besides the payments of money as proved, amounting to $146.96, total of both the plaintiff's balance and the defendant's offsets, as proved, (excluding payments,) $340.96. While it is doubtless true that in an action brought to recover a balance of accounts, or upon an account stated, or undisputed, payments made and applied, do extinguish the account,

to the amount of the sums, so paid; and that authorities are found giving such construction to the statute; yet all those cases are clearly distinguishable from this before us. The cases of *Matteson* v. *Bloomfield*, (10 *Wend*. 555,) was a case under the Revised Statutes. The plaintiff, upon his own statement of the account, showed that he had applied as *payment* upon the contract above $400 received from the defendant, which left but about $150 in controversy on the trial. In the case reported in a note to the above, *exparte Mills*, in New York common pleas, the plaintiff's account, as presented, was $521.68, upon which he had credited the defendant with payments of money &c. to the amount of $434.68, and sued for a balance of $87. The referees reported less than $50. One of the referees made an affidavit, that the only demand *litigated* at the trial, was the plaintiff's demand of $87, and the defendant's offset. Nelson J. said: "The accounts as exhibited exceeded $400, but payments were shown on each side, and as far forth as payments were made, the account or demand of each party was extinguished." Deducting payments, the amount in controversy was less than $100. He further says: "The jurisdiction of the justice does not depend on the *amount* of the account as exhibited, *but on their amount as proved;* that is, if the amount in *contestation*, exceeds $400, the justice loses jurisdiction." The case of *Ward* v. *Ingraham*, (1 *E. D. Smith*, 538,) was not a case of mutual account, but a claim for a balance due for work, &c. upon which payments had been made. The whole bill exceeded $400, which had been reduced to $86, by payments. Woodruff, J. said: "This did not create mutual accounts," but it is otherwise when the defense seeks to set off items arising in the case, of mutual dealings." In the case of *Crim* v. *Cronkhite*, (15 *How. Pr.* 250,) the total accounts of both parties was $493.20. The defendant had paid in money $95, and had a further offset of an account, which the plaintiff had looked over, and *admitted nearly*

Glackin *v.* Zeller.

*all of it to be correct.* The report was below $50, and deducting payments, the total of both accounts was less than $400; but a small portion of which was *contested.* The payment was *specifically charged as applied to the plaintiff's account,* and being *admitted,* extinguished so much. This case was a special term case, decided by BALCOM, J.

There is no difficulty in distinguishing the cases *supra,* from the case before us. The same judge, (BALCOM,) in *Gilliland* v. *Campbell,* (18 *How. Pr.* 177,) makes one of the distinctions to which I refer; and that case was afterwards affirmed at general term, in the 6th district. The action was on a promissory note for $186, given on settlement of partnership accounts. The defense interposed, was, a mistake in fact as to any thing being due to the plaintiff, when the note was given. The referee examined the accounts between the parties, amounting to above $2000, and reduced the note down to $26.12. It was held, that by the facts found, a justice had no jurisdiction of such a case, and that the plaintiff was entitled to costs. The judge puts the case upon the true distinction. He says, "The settlement made between the parties of their accounts was found to be erroneous, *and for that reason the accounts were not liquidated* by the settlement, *but were unliquidated so far as the trial was concerned."* And this is the true distinction between the cases. The other cases above cited, are all cases in which the action is either brought to recover balances, or where there are no disputed items which exceed $400. In *Stilwell* v. *Staples,* (5 *Duer,* 694,) Oakley, J. says: "A plaintiff who sues in a court of record and proves *contested* demands, which, with those established by his adversary exceed $400 in amount, is entitled to costs as a matter of course, if he recovers any sum whatever."

In the case before us, the plaintiff in his complaint claimed pay for five hundred and ten days' work, worth $2.50 per day. The defendant admitted four hundred

and seventy-four and one half days work, but alleged it was worth but $1.25 per day. This was one issue; the difference between the parties far exceeding $400; which, as Judge Oakley would call it, was a *contested demand.* Another issue was, by the defendant's second answer, which set up an agreement between the parties, by which the plaintiff was to work for the defendant at $1.25 per day, and be boarded by the defendant, and that the defendant had fully paid for said work. Other issues of payment and offset, were made by the defendant's answer; and he claimed judgment against the plaintiff for $500. We have before us the report of the referee and his minutes of the evidence taken by him. From these it appears, that the plaintiff's claim was entirely unliquidated; that the referee found that there was no agreement existing between the parties as to the said labor; and that upon the evidence he allowed him as upon a *quantum meruit;* as well as determined the number of days' service from a conflict of evidence. Here then was a *contested, unliquidated* claim, in itself, exceeding $400. Indeed, the difference between the parties as to the *amount* of the claim exceeded $400, added to which, the defendant's offset, exclusive of one hundred payments in cash, was over $140. Within the spirit of the cases of *Gilliland* v. *Campbell* and *Stilwell* v. *Staples,* (*supra,*) a justice of the peace had no jurisdiction of this action. It might have been commenced in this court.

It may be well in this connection to notice the difference in phraseology between the old Revised Statutes, under which the early decisions were made, and the provision in the Code, as to costs, in such a case now.

2 Revised Statutes, 614, § 9, was as follows: " Where the plaintiff shall recover any sum in any court of record, he shall recover costs, (if it appear that his claim as established on the trial exceeded $200, and that the same was reduced by setoffs;) or " if the *debts, demands* and *accounts* of both parties, *established on the trial,* exceeded $400."

Glackin *v.* Zeller.

By section 303, of the Code, this and all other statutes relating to costs, were repealed, and the only substitute that seems to be provided for the 9th section of the Revised Statutes, above, is the 54th section of the Code, and subdivisison 4, which may be read thus: "No justice of the peace shall have cognizance of a matter of *account* where the sum total of the accounts of both parties, *proved to the satisfaction of the justice,* shall exceed four hundred dollars."

To which is to be added section 304 of the Code, which may be read as follows:

"§ 304. Costs shall be allowed of course to the plaintiff upon a recovery in the following cases.

Sub. 3. In the actions of which a justice of the peace has no jurisdiction."

This change of language is significant, and is not now to be construed by reference to the repealed statute, but by itself. Nor are the decisions of the courts in relation to the repealed statute, applicable to the new one with its changed phraseology. It is unnecessary in this case to go further, under the provisions of section 54 of the Code, than to hold, that where there are unliquidated accounts between the parties, the total amount of which *contested on the trial,* exceeds $400, a recovery by the plaintiff of any amount, entitles him to costs.

If we are right upon either of the positions taken in this review, the order of the special term should be reversed, with $10 costs, and with $10 costs to the plaintiff, of the motion at the special term.

JAMES and BOCKES, JJ. concurred.

ROSEKRANS. P. J. dissented.

Order reversed.

[ST. LAWRENCE GENERAL TERM, October 6, 1868. *James, Rosekrans, Potter* and *Bockes,* Justices.]