GEORGE W. BRADNER, APPELLANT, v. JOHN W. HOW-
ARD, RESPONDENT.

*Action in Justice's Court — defendant claiming discontinuance thereof, because amount involved is too large — estopped from denying that fact in the Supreme Court*

Where in an action commenced in a justice's court, in which a counter-claim has been interposed, the defendant moves that the action be discontinued, on the ground that the amount in dispute exceeds that over which the justice has jurisdiction, and such action is accordingly dismissed, and a new one brought in the Supreme Court, the defendant is estopped from claiming in the latter action that the justice had jurisdiction in the former one and that he is therefore entitled to costs.

APPEAL from an order of the Special Term denying a motion by plaintiff to strike from the judgment in this action the costs allowed to the defendant.

An action was commenced by the plaintiff against the defendant in a justice's court, which was discontinued on motion of defendant's counsel, because the amount in dispute exceeded $400.

Subsequent this action was commenced upon the same claim in this court, and it having been referred, a judgment was entered therein in favor of the plaintiff for $21.31. The clerk taxed costs in this action in favor of the defendant.

*George W. Bradner*, appellant in person.

*Cornelius E. Stephens*, for the respondent.

MULLIN, P. J.:

APPEAL from an order of Special Term denying a motion by plaintiff to strike from the judgment in the action the costs allowed to the defendant.

The plaintiff commenced an action in a justice's court, and by his complaint claimed to recover $200 for services and for money paid out at defendant's request.

The defendant, in his answer, sets up a counter-claim for some $450, but claims judgment for about $230.

On the day of trial the parties appeared before the justice, and he has entered in his docket that defendant moved that the action be discontinued, on the ground that the accounts embraced over $400, and that the justice had no jurisdiction. Motion allowed and suit discontinued. The entry in the docket proceeds: "It appeared satisfactory to me from defendant's statement, that the answer embraced about $480; and it having appeared to me from the proof offered that the sum totals of the amounts of both parties exceeded $400, I dismiss plaintiff's complaint, with costs. Constable's fees, 40 cents; justice's fees, $1.00."

Several affidavits are made by parties and others as to what proceedings were had at this trial, but none of them, except the justice, pretends that any proof was made of the demands of the parties to the action; and the allegation in the entry in the docket

that proof was given before the justice, showing that the accounts in controversy exceeded $400, is probably a mistake.

The Code (§ 54, subdivision 5), provides that no justice of the peace shall have cognizance of a civil action, nor of matter of account, when the sum total of the account of both parties, proved to the satisfaction of the justice, shall exceed $400. The amount may be proved by the admission of the parties or by oral or documentary evidence, and unless proved by some or all of these kinds of proof, the justice has jurisdiction, and must proceed with the trial of the issues.

It is insisted by the appellant that the statement in the docket is conclusive evidence that the requisite proof was given to authorize the dismissal of the cause; or if not, that then the defendant is estopped from claiming costs, because proof was not given before the justice that the claims in controversy exceeded $400, the case having been dismissed on defendant's motion, on the ground that the amount in controversy did exceed that sum.

Without expressing any opinion as to whether or not the docket is conclusive evidence that the amount in dispute exceeded the justice's jurisdiction, we are of the opinion that the defendant, having procured the dismissal of the complaint on the ground that the claims exceeded the amount for which the justice had jurisdiction, he is estopped from now claiming that the justice had jurisdiction, and that he is therefore entitled to costs.

This precise point was decided in *Glackin* v. *Zeller*, 52 Barb., 147; and by this court in *Bailey* v. *Stone*, 41 How., 349.

Order reversed, with ten dollars costs and disbursements, and defendant's judgment for costs vacated, with leave to plaintiff to enter judgment for the debts and costs.

TALCOTT and SMITH, JJ., concurred.

Ordered accordingly.