# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## February, 1883.

---

### HENRY A. DINGEE, Respondent, v. NORMAN K. SHEARS, Appellant.

*Set-off — right to set off a judgment for costs — when it may be done after the judgment for costs has been assigned to the attorney — entry of a judgment recovered, after the refusal to accept an offer — when the defendant is entitled to costs.*

The plaintiff, after having refused an offer made by the defendant to allow judgment to be taken against him for $108, recovered a verdict for just that amount. The plaintiff entered a judgment for $136.02 on December 14, 1878.

On January 25, 1878, the defendant, who was insolvent, had assigned all his right, title and interest in any sum that might be allowed to him for costs to his attorney. On March 24, 1882, the defendant entered a judgment for his costs of thirty-eight dollars and sixteen cents.

*Held*, that it was proper to allow the judgment recovered by the defendant to be set off against the one recovered by the plaintiff upon the latter's application.

The proper way to enter judgment in such a case is, to suggest the right of the defendant to costs after offer, as taxed; and when the plaintiff's claim and costs are greater than the defendant's bill of costs, as taxed, to deduct the same from the plaintiff's claim and enter a judgment for the balance.

APPEAL from an order of the City Court of Yonkers by which a judgment for thirty-eight dollars and sixteen cents, rendered in this action in favor of the defendant and against the plaintiff, was set off against so much of the judgment in the same action for $132.06 in favor of plaintiff and against the defendant.

The plaintiff sued the defendant to recover $600. The defendant made an offer to allow judgment for $108, which was not accepted. The action was tried January 2, 1878, and the plaintiff obtained a verdict for $108, thus giving costs to the defendant. On January 25, 1878, the defendant in writing assigned his recovery, if any, to one William Romer, his attorney. The defendant then was and now is insolvent. The judgment for costs was not entered until March 24, 1882. The plaintiff moved and obtained an order setting off the defendant's judgment against an equal amount of the plaintiff's judgment.

*William Romer*, for the appellant.

*Ralph E. Prime*, for the respondent.

BARNARD, P. J.:

The right to set off interlocutory costs has been established. (*Doe* v. *Allsop*, 9 B. & C., 760; *Doe* v. *Carter*, 8 Bing., 330.)

In cases where the plaintiff was entitled to judgment and the defendant to costs there could be but one record. (3 Wend., 308.) The plaintiff made a suggestion upon the record of the defendant's right to costs, and if he refused to do so the court would compel it. This was done to avoid circuity. The present case arises under the Code and is new to the old practice.

By reason of a failure upon the part of the plaintiff to recover a verdict in excess of an offer made, he was entitled to recover the verdict and the costs up to the date of the offer and must pay costs of the action after the offer. The verdict determined the rights of the parties.

The proper way to enter a judgment in such a case is, to suggest the right of the defendant to the costs after offer, as taxed; and when the plaintiff's claim and costs is greater than the defendant's taxed bill to deduct the same from the plaintiff's claim and enter judgment for the balance. This is the rule when a counter-claim less than the plaintiff's claim is set up. (Code C. P., § 512.) No other rule would work justice. The same verdict settles all the rights of the parties, and the judgment should only be for the portion due after set-off of the respective claims. Set-off has always been favored to avoid circuity of action or redress.

At the time of the assignment to the attorney by the defendant there was a legal set-off existing and nothing passed by it.

The order should therefore be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Order setting off costs against judgment affirmed, with costs and disbursements.