GEORGE BRISBANE, RESPONDENT, v. BANK OF BATAVIA,
APPELLANT.

*Justices' Court—when an action does not involve the accounts of the parties, within section 2863 of the Code of Civil Procedure.*

In this action, brought in a Justice's Court to recover the sum of twenty-five dollars, alleged to be due to the plaintiff from the defendant bank, being a balance of deposits made by him with it, the defenses were, a general denial, a settlement and payment. Upon the trial the plaintiff testified to having made deposits amounting to $6,128.50, and to having drawn and received back checks amounting to $5,351.01; but admitted that he had drawn checks, which had been returned to him, for all the money he had deposited except twenty-five dollars, which amount had been paid by the defendant upon a check, which the plaintiff claimed he had not drawn. Upon the defendant's motion, the

justice dismissed the complaint upon the ground that the sum total of the accounts of both parties exceeded the sum of $400.

*Held,* that this was error.

*Gilliland* v. *Campbell* (18 How., 177); *Stilwell* v. *Staples* (3 Abb. Pr., 365); *Glackin* v. *Zeller* (52 Barb., 147), distinguished.

APPEAL from a judgment of the County Court of Genesee county, reversing a judgment of a Justice's Court in that county in favor of the defendant.

*George Bowen,* for the appellant.

*William Tyrrell,* for the respondent.

HAIGHT, J. :

This action was brought to recover the sum of twenty-five dollars, balance alleged to be due the plaintiff upon deposits made in the defendant's bank. The answer was a general denial, settlement and payment in full. Upon the trial the plaintiff testified to having made deposits in various sums with the defendant, amounting in the aggregate to $6,128.50. He also testified to the drawing of checks on the bank in various items, amounting to $5,351.01, but admits in his testimony that he has drawn and that the bank has returned checks to him for the whole fund deposited except the sum of twenty-five dollars; that it has charged to him, November 11, 1877, a check for twenty-five dollars, and that he did not draw that check. When the plaintiff rested, the defendant's attorney moved to dismiss the cause on the ground that the accounts of both parties proved on the trial exceeded the sum of $400, and that the justice did not have jurisdiction of the case. The motion was granted and judgment entered against the plaintiff for the costs of the action. It was from this judgment that an appeal was taken to the County Court, and from the judgment entered in that court reversing the judgment of the justice, an appeal was taken to this court.

The only question to be determined upon this appeal is whether or not the evidence given upon the trial makes an account between the parties within the meaning of section 2863 of the Code. The provision is as follows : "A justice of the peace cannot take cognizance of a civil action in either of the following cases : * * * Fourth. Where, in a matter of account, the sum total of the accounts of both parties proved to the satisfaction of the justice exceeds

four hundred dollars." The amount deposited in the bank, as well as the checks drawn upon and paid by the bank, largely exceeds the sum of $400. If, therefore, these items are to be considered accounts and necessary to be proved upon the trial of this action the justice would not have jurisdiction. But these items we do not understand to constitute an account between the parties. When a check drawn upon the fund was presented at the bank and paid, it extinguished *pro tanto* so much of the demand as was paid, and only the balance remaining unpaid becomes an account between the parties, and that amount alone can be taken into consideration in determining the question of jurisdiction. In this case the plaintiff conceded that the whole sum had been paid except the single item of twenty-five dollars. That item then became the only amount that can be considered upon the question of jurisdiction. Consequently the justice had jurisdiction of the action and it was his duty to have proceeded with the trial. This question has recently received consideration in the Third Department in the case of *Burdick* v. *Hale* (reported in 17th Weekly Digest, 279), wherein this doctrine has been expressly held. To the same effect are the cases of *Fuller* v. *Conde* (47 N. Y., 89–92) ; *Steele* v. *Macdonald* (4 N. Y. Civil Pro. R., 227); *Crim* v. *Cronkhite* (15 How., 250); *Lund* v. *Broadhead* (41 id., 146) ; *Hoodless* v. *Brundage* (8 id., 263) ; *Ward* v. *Ingraham* (1 E. D. Smith, 538) ; *Matteson* v. *Bloomfield* (10 Wend., 555 ; see note on page 557).

The case of *Gilliland* v. *Campbell* (18 How., 177) is clearly distinguishable. The action in that case was brought upon a promissory note for $186, which note was given upon the settlement of the copartnership accounts of the parties. The defense interposed was that a mistake in fact had been made as to the amount due the plaintiff when the note was given. The trial in that case involved the trial of the mutual accounts between the parties, amounting to upwards of $2,000.

The case of *Stilwell* v. *Staples* (3 Abb. Pr., 365) is also distinguishable, for in that case the contested demands of the respective parties exceeded the sum of $400.

The case of *Glackin* v. *Zeller* (52 Barb., 147) is not in conflict with the authorities before referred to. On the contrary, it

expressly recognizes the principle that a payment upon an account extinguishes the account in the amount of the payment made. POTTER, J., in delivering the opinion of the court in that case, says : "It is doubtless true that in an action to recover a balance of accounts, or upon an account stated or undisputed, payments made and applied do extinguish the account to the amount of the sums so paid."

It therefore follows that the accounts of the plaintiff, by payments conceded to have been made, were extinguished down to the amount of twenty-five dollars ; that the only question to be litigated between the parties was the question as to the payment of that sum on the 11th day of November, 1877, upon a check claimed to have been drawn by the plaintiff. Of this the justice had jurisdiction.

The judgment of the County Court should be affirmed.

BARKER and BRADLEY, JJ., concurred ; CORLETT, J., not sitting.

Judgment of the County Court affirmed.