### UNDERHILL v. RUSHMORE.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

COSTS—AMOUNT—ACTIONS IN COUNTY COURT.

Code Civ. Proc. § 2863, provides that a justice of the peace cannot take cognizance of a civil action in a matter of account where the sum total of the accounts of both parties exceeds $400. Section 3228 provides that the plaintiff is entitled to costs of course, on the rendering of a final judgment in his favor in an action where a justice of the peace has no jurisdiction for the reason that the accounts between the parties exceed in the aggregate the sum of $400. Defendant, in an action for services, set up a counterclaim, which, with plaintiff's claim, aggregated more than $400. On the return day the cause was removed to the county court for the reason that the justice had no jurisdiction of the action. Held, that plaintiff was entitled to costs on entry of judgment in his favor, though the judgment was for less than $50.

Appeal from Kings county court.

Action by Silas A. Underhill against Samuel W. Rushmore. There was a judgment in favor of plaintiff. From an order denying plaintiff's motion for a new taxation of costs, and affirming the taxation by the clerk in favor of the defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

S. A. Underhill, in pro. per.
Henry M. Post, for respondent.

GOODRICH, P. J. This action was commenced in December, 1897, in the court of a justice of the peace in Brooklyn, to recover

the value of the legal services of the plaintiff on an account stated of $183.58, and on quantum meruit for other similar services alleged to be worth $30. The answer set up payment, denied an account stated, and, by way of counterclaim, alleged a payment of $1,000 for the plaintiff's use, on which he had paid $500, and also an advance of $225 for the use of the plaintiff's wife, both of which the plaintiff promised to pay. The defendant demanded judgment for these counterclaims. The plaintiff served a reply denying the counterclaims. On the return day, in December, the action was removed to the county court. In the county court a jury rendered a verdict of six cents for the plaintiff. The court denied a motion for a new trial, handing down the following memorandum: "The jury evidently found against the account stated, and against both counterclaims. That left the claim for $27.50 for services. Under the proof, it was competent to find that the value of the plaintiff's services in those matters was six cents. Motion for new trial denied." The clerk taxed the costs in favor of the defendant, and the plaintiff moved to set aside the taxation, and from the order denying the motion the plaintiff appeals.

Section 2863 of the Code of Civil Procedure provides that a justice of the peace cannot take cognizance of a civil action "(4) where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds four hundred dollars." Section 3228: "The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in * * * (3) an action specified in subdivision * * * fourth * * * of section twenty-eight hundred and sixty-three of this act;" that is, an action where the justice of the peace has no jurisdiction because the accounts between the parties exceed $400. The word "accounts," in section 2863, has been construed as relating to demands, and is not restricted to running accounts. Glackin v. Zeller, 52 Barb. 147; Crim v. Cronkhite, 15 How. Prac. 250. It follows that the plaintiff, having recovered a judgment in his favor in an action of which the justice of the peace could not take cognizance, is entitled on the recovery of a judgment in his favor to receive costs, irrespective of the fact that the judgment does not exceed $50. The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.