(62 App. Div. 584.)

### YOUKER v. JOHNSON.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

COSTS—AMOUNT RECOVERED—CLAIMS PROVEN—CLAIMS CONTESTED—PLAINTIFF'S RIGHTS.

Code Civ. Proc. § 2863, subd. 4, provides that, where the sum total of accounts between the parties "proved to the satisfaction of the justice" exceeds $400, a justice of the peace cannot take cognizance of the action; and section 2950 declares that, if it appears on the trial that the sum total exceeds $400, the action must be discontinued at plaintiff's cost; and section 3228 provides a plaintiff shall be entitled to costs of course in an action specified in section 2863, but that a plaintiff shall not be entitled to costs in an action for a money judgment unless he recovers $50 or more. Held, that where, in an action commenced in the supreme court, only $25 was recovered, and there was nothing in the record from which it could be determined whether the claims proven exceeded $400, the fact that the claims contested exceeded that amount did not entitle plaintiff to costs, since the burden was on the plaintiff to show that the action was not within a justice's jurisdiction.

Appeal from special term, Fulton county.

Action by Catharine Youker, as administratrix of the estate of Margaret Flanders, deceased, against Emerthew P. Johnson. From an order denying defendant's motion for a retaxation of costs, and for the vacation of a taxation of plaintiff's costs, defendant appeals. Reversed.

The complaint sets forth five separate causes of action, consisting of an account stated, $154.40, a loan of $55, property received and converted, $230, use and occupation of farm, $100, services rendered, $312, aggregating $851.40, and demands judgment for $796.40. The answer contains a general denial of the first cause of action; general denial, plea of statute of limitations, and payment of the second cause of action; general denial of the third cause of action; general denial of the fourth cause of action; the statute of limitations and payment, general denial of fifth cause of action, and plea of payment; and sets up a counterclaim of $400 for services rendered for plaintiff's intestate, counterclaim of $600 for moneys paid out at request of plaintiff's intestate and for her benefit, another counterclaim of $265 for board, lodging, care of plaintiff's intestate, for lumber and material furnished to repair buildings, and for goods, wares, and merchandise furnished to plaintiff's intestate; and demands judgment for $1,265. The

reply contains general denial and pleads statute of limitations. The action was tried before a jury, and a verdict of $25 for the plaintiff was rendered. The defendant's application for the taxation of his costs was denied by the clerk of Fulton county, and the plaintiff's costs, on her application to the clerk, were taxed at $196.60. The motions of the defendant for an order directing the clerk of Fulton county to tax his costs and to vacate the taxation of the plaintiff's costs were heard together by the special term, and were denied. From the order denying said motions this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

George W. Ward, for appellant.
Andrew J. Nellis, for respondent.

EDWARDS, J. The question presented for our determination is, which party is entitled to costs? The recovery being for less than $50, the plaintiff is not entitled to costs, and the defendant is so entitled, unless the action is one of those specified in subdivision 4 of section 2863 of the Code of Civil Procedure, of which a justice of the peace has no jurisdiction. Code Civ Proc. §§ 3228, 3229. That section provides that a justice of the peace cannot take cognizance of a civil action "where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds four hundred dollars." Section 2950 provides that upon the trial of such an action before a justice of the peace "judgment of discontinuance must be rendered against the plaintiff, with costs." It is not necessary that the action should have been commenced in the justice's court, and have been there discontinued by reason of want of jurisdiction, to entitle the plaintiff to costs (Glackin v. Zeller, 52 Barb. 153; Tompkins v. Greene, 21 Hun, 257); but where the action is originally brought in the supreme court, and the plaintiff's recovery is of a sum less than $50, it is incumbent on him to show that the action is one of which, by the provisions of subdivision 4, § 2863, of the Code, a justice of the peace has no jurisdiction. This must be shown by proof that the sum total of the accounts proved exceeds $400. It is not sufficient that the sum total of the accounts claimed or contested exceeds that sum. Tompkins v. Greene, supra, affirmed in 82 N. Y. 619; Sherry v. Cary, 111 N. Y. 517, 19 N. E. 87. When the action is tried before the court or a referee, the question is determined by the facts found, and, when tried before a jury, by the sum total of the accounts shown to have been proved to their satisfaction. Fuller v. Conde, 47 N. Y. 89; Sherry v. Cary, supra. Notwithstanding in the latter case this may be difficult, if not impracticable, unless specific findings have been made by the jury, it is a risk which the plaintiff assumes when he elects to bring his action in this court, instead of resorting in the first instance to a justice's court. Where the recovery is less than $50, he cannot subject the defendant to the large costs of this court, unless he shows that the action could not have been tried in a justice's court. In the case of Sherry v. Cary, supra, although the jury rendered a general verdict for $23.59 for the plaintiff, it also appeared from the minutes that they specifically found the amount of the accounts of the plaintiff and of the defendant, and that the amount so found exceeded $400. The court there said: "This was most satisfactory evidence to show.

that the accounts, aggregating more than $400, had been proved to the satisfaction of the jury." There is nothing in the record before us from which it may be determined whether or not the accounts of the parties, proved to the satisfaction of the jury, exceeded the sum of $400. The conflicting affidavits of counsel used on the motion at the special term shed no light on this question. Nor does the charge to the jury, which, by consent of counsel, was used on the motions at special term, enable us to determine the question. From the charge it appears that the court submitted to the jury, as questions of fact, whether an account for $154.40 had been stated, as claimed in the first cause of action; what had been paid on the $55 loan, constituting the second cause of action; and the length of time for which services had been rendered by the plaintiff's intestate to the defendant, and the value thereof, constituting the fifth cause of action. The court also submitted to the jury, as a question of fact, whether the defendant had paid debts of the plaintiff's intestate, amounting to $382.38, at her request. What the finding of the jury was in respect to the claims submitted to them it is impossible to determine. They found a general verdict for the plaintiff for $25, and in what manner that sum was arrived at cannot be ascertained from the record, nor even be conjectured. The most that can be ascertained from the papers before us is that sufficient evidence was given of claims exceeding $400 to justify their submission to the jury. But the question of costs must be determined, not by the amount claimed or contested, but by the amount of accounts as proved on the trial to the satisfaction of the tribunal whose province it is to ascertain such amount. If this were otherwise, manifest injustice might often be done by subjecting the defendant to a large bill of costs in an action which might have been tried in a justice's court. The authorities cited by the counsel for the respondent do not support his contention that the question of costs may be determined by the amount of accounts contested on the trial. An examination of those authorities shows that the amount of unliquidated accounts contested was found in each case by the referee, the court, or the jury to exceed $400. In Glackin v. Zeller, 52 Barb. 147, there were contested unliquidated claims proved to the satisfaction of the referee to exceed $400, and in Gilliland v. Campbell, 18 How. Prac. 177, the amount of the unliquidated accounts, as found by the referee, exceeded that sum. In Stilwell v. Staples, 5 Duer, 691, the plaintiff's claim was admitted on the trial to be $832.97, and the amount of the defendant's claim was decided to be $831.82, and the court there said that "a plaintiff who sues in a court of record, and proves contested demands, which, with those established by his adversary, exceed $400 in amount, is entitled to costs, as a matter of course, if he recovers any sum whatever." The like fact appears on examination of the other authorities cited, and I think the proposition that a mere contest of claims exceeding $400 entitles the plaintiff to costs where the sum recovered is less than $50 is unsupported by the authorities. The order appealed from should be reversed, and the defendant's motions should be granted.

Order reversed, with $10 costs and disbursements, and defendant's motions granted, with $10 costs. All concur.