ALBANY,
Aug. 1833.

Matteson
v.
Bloomfield.

</div>

---

## MATTESON vs. BLOOMFIELD.

Although the accounts *exhibited* on a trial exceed $400, still a plaintiff who recovers less than $50 is *not entitled to costs*, where the evidence adduced by the defendant proves *payments* specifically made on a contract between him and the plaintiff, and not *an account* valid as a set off.

THIS cause was heard before *referees*, who reported the amount due to the plaintiff to be *eighteen dollars* and *twenty cents*. The plaintiff supposing himself entitled to costs of suit, notwithstanding that the report was for a sum *less* than $50, applied for a rule that he be permitted to tax his costs against the defendant on the following statement of what transpired on the hearing before the referees. The plaintiff claimed to recover for *two rafts* of *hewed* pine timber, delivered to the defendant previous to, and on the 5th November, 1831, which he alleged contained 5330 feet; also for another quantity of *hewed* pine timber, also delivered in the month of November, which he alleged contained 1164 feet; and also for a quantity of *sawed* timber, the number of feet of which was not stated. The plaintiff adduced testimony to shew that the two rafts of timber first delivered contained the quantity claimed by him, and proved that on the 5th December, 1831, the defendant paid to him $100 on account, for which he gave a receipt. The defendant produced a bill of timber, amounting to 5148 feet, dated 5th November, 1831, to which was attached an account in which he debited the plaintiff with that amount of timber at 8 cents per foot, amounting to $411,84, and a receipt signed by the plaintiff, acknowledging to have received the defendant's check for $200, and his note for $200, on account, and agreeing to make an allowance for difference in the quality and quantity of the timber delivered, from the description of the same in the contract under which it was delivered. The defen-

<div style="text-align:right">August 8.</div>

dant also claimed the payment of the sum of $5, and gave evi-
dence of defects in the quality of the timber delivered, which de-
fects the referees estimated at $27,06. Previous to the defendant
producing testimony on his part, the plaintiff admitted that the
whole of the two first parcels of timber had been paid for, ex-
cept the sum of $11,84.   From the facts presented to the
court, the referees must have stated the accounts between the
parties after this manner :

| | | | |
|---|---|---|---|
| Two rafts of timber first delivered, | - | - | $411,84 |
| Two last parcels of timber | - | - | 138,52 |
| | | | $550,36 |

| | | |
|---|---|---|
| Payments as per rec't, check $200, | | |
| note $200, - - - - | $400 | |
| Payment 5th Dec. 1831, - - | 100 | |
| " of $5, claimed by plaintiff, | 5 | |
| Deficiency in quality of timber, | 27,06 | 532,06 |
| | | $18,30 |

for which sum they made a report in favor of the plaintiff.

*S. Beardsley,* for the plaintiff.   The enactment of the stat-
ute is, that " when the plaintiff shall recover any sum in any
court of record, he shall recover costs, if it appear that his
claim as established at the trial exceeded $200, and the same
was reduced by set-offs ; or that the debts, demands, and ac-
counts of both parties established on the trial exceeded $400."
2 *R. S.* 614, § 9.   This case is within the provisions of the
statute, and the plaintiff is entitled to his costs.   Besides
a *justice of the peace* could not have taken cognizance of
this action, he being expressly prohibited to take cognizance of
any matters of account, where the sum total of the accounts
of both parties, proved to the satisfaction of the justice, shall
exceed $400.   2 *R. S.* 226, § 4.

*S. Stevens,* for the defendant.   It is only when the plain-
tiff's claim *as established at the trial* exceeds $200, that he is en-
titled to costs.   The plaintiff's claim, as established at the tri-
al, was the value of the two last parcels of timber estimated by
the referees at $138,52, and the balance of $11,84 upon the

two first parcels. Nor can it be said that the demands of the parties exceeded $400; the sum received by the plaintiff on the 5th November, 1831, in the check and note of the defendant, was a *payment* for the timber then delivered, and ought not to be considered in the light of a demand on the part of the defendant against the plaintiff, who manifestly himself considered it as a payment, as he only claimed the balance of $11,84 remaining due upon the timber then delivered.

*By the Court*, SUTHERLAND, J. The plaintiff is not entitled to costs. His claim *as established at the trial* did not exceed $200. He claimed only the balance due upon the two first lots of timber, which his counsel stated to be $11,84, and the value of the last lots, which he proved to be $138,52, making together $150,36. The whole value of *all* the timber delivered by the plaintiff to the defendant was not claimed by him, but *only* the balance after deducting the payments. Those payments were made specifically on account of that transaction ; they were made in money ; they were properly *payments*, and not a *set-off*. Nor did the debts, demands and accounts of both parties established on the trial exceed $400. The demands of the plaintiff as claimed and established were but $150,36, and the defendant only claimed payments to the amount of $105, and a deduction for defects in the value of the timber, $27,06 ; making together $132,06; thus showing the demands of both plaintiff and defendant to be only $282,-42. I perceive no reason why this action should not have been prosecuted before a justice of the peace.

The motion therefore is denied.*

---

* Ex parte LEVI A. MILLS *vs.* NEW-YORK C. P.

A plaintiff recovering *less than fifty dollars* in a court of record is not entitled to recover costs, though his claim, as established at the trial, exceed $200, if it be *reduced by payments ;* if reduced by *set-offs,* he is entitled to costs. Nor is he entitled to costs on the ground that the demands exceeded $400, unless the demands *in dispute* and *established on the trial* exceed that sum ; *payments made* are not debts, demands, or accounts, within the meaning of the statute.

THIS was an application for a *mandamus.* Levi A. Mills sued Peter Pratt in the New-York common pleas in an action of *assumpsit ;* the defendant

ALBANY,
Aug. 1833.

Leavitt
v.
Woods.

## LEAVITT vs. WOODS.

A plaintiff is not bound to accept a *relicta* and *cognovit* with a condition annexed that judgment shall not be entered thereon, until the term after the circuit at which the cause is noticed to be tried.

August 8.    A notice of trial was served in this cause on 25th *March*, for a circuit to be held on the second Monday of *June* thereafter.    On 16th May, the attorney for the defendant tendered to

---

pleaded the general issue and payment, and attached to his plea a general notice of set-off. The parties mutually furnished *bills of particulars*. The plaintiff, in his bill of particulars, charged the defendant with various items, amounting in the aggregate to $521,68, and credited him with monies received at sundry times, and with medicine and attendance; &c. amounting to $434,68, claiming a balance to be due of $87, with the interest thereof for one and a half years. The defendant's bill of particulars consisted of a physician's account for medicine, attendance, advice, &c. amounting to $143, and of various items for monies paid, to the amount of $374,68. The cause was heard before *referees*, who reported in favor of the plaintiff for the sum of *thirty-seven dollars ;* whereupon the plaintiff applied to the court for a rule that he be allowed to recover costs, notwithstanding that the report was for a sum *less than fifty dollars*. In support of his motion, the plaintiff made an affidavit that, on the hearing before the referees, the whole of the items specified in his bill of particulars were either admitted or proved, except four quarters rent, which were charged at $50 per quarter, in respect to which the proof was, that the rent of the premises charged to the defendant was worth only $150 per annum ; that the monies specified in the defendant's bill were admitted to be correctly charged ; that $15,50 of the defendant's account for medicine &c., were admitted or proved ; and that the residue of the account was shewn to have been paid by the production of a receipt ; in reference to which the defendant attempted to prove a mistake, but failed to establish his allegation. The referees also gave a certificate that the demand of the plaintiff, as established at the trial, exceeded $400, which was diminished more than $300 by divers payments, and a set-off to the amount of $15,50, which payments and set off they certified were also established at the trial. In opposition to the motion, the defendant made an affidavit, that by the decision of the referees, giving effect to the receipt produced by the plaintiff, the defendant was precluded from proving more of his account than what amounted to $15,50 ; that on the hearing, the plaintiff alleged that all accounts between him and the defendant were settled, except a balance of $94,83, which he claimed to be due to him ; and that he, the defendant, was informed by the referees, that the balance of $87 claimed by the plaintiff, was reduced to $37, by deducting $50 from the rent charged in

ALBANY,
Aug. 1833.

the plaintiff's bill of particulars. One of the referees also made an affidavit, that the only demands litigated at the trial, were a demand of the plaintiff of $87, and a set off of $15 claimed by the defendant; all other demands between the parties having been cancelled by receipts. Judge Irving denied the motion for costs, and the plaintiff now asks for a *mandamus*, directing the C. P. of New-York to allow the plaintiff costs, notwithstanding that the report of the referees is for less than $50.

*By the Court*, NELSON, J. It is declared by statute, that where the plaintiff shall recover *any sum* in a court of record *he shall recover costs*, if it appear that his claim as established at the trial exceeded $200, and was reduced by *set offs;* or that the debts, demands and *accounts of both parties established on the trial* exceeded $400. See 2 R. S. 614, § 9. This case does not come within either clause of this section: it is not within the first clause, because, admitting the plaintiff's claim as established at the trial to have exceeded $200, it was reduced by *payments* acknowledged to have been made by the defendant and not by *set offs;* but I think it may well be questioned whether the plaintiff's claim amounted to $200: all he demanded was a *balance* of $87, with the interest thereof. Nor is the case within the second clause of the section above referred to : the debts, demands and accounts of both parties, *in dispute* between them, did not exceed $400. The accounts as exhibited exceeded that sum, but *payments* were shown on each side, and as far forth as payments were made, the account or demand of each of the parties was extinguished. The intent of the legislature in this case may be discovered by reference to an analogous provision in the act regulating *justices' courts*, by which a justice is prohibited from taking cognizance of matters of account, where the sum total of the accounts of both parties *proved* to the satisfaction of the justice exceed $400; 2 R. S. 226, § 4, *sub.* 4; and by a subsequent provision, "if, *upon the trial* of a cause, it shall appear that the amount of the plaintiff's claim, together with the demands set off by the defendant, exceed $400, judgment of discontinuance shall be rendered against the plaintiff, with costs." 2 R. S. 235, § 54. These provisions shew that the jurisdiction of the justice does not depend upon the amount of the accounts as *exhibited*, but upon their amount as *proved;* that is, if the *amount in contestation* exceeds $400, the justice loses his jurisdiction, otherwise not. So in courts of record, if the debts, demands and accounts *in dispute* or *in contestation*, and *established on the trial*, exceed $400, and the plaintiff recovers *any sum*, he is entitled to costs. Such was not the case here ; the *payments* mutually made cannot be considered as debts, demands or accounts, within the meaning of this statute, and deducting them from the accounts, the whole amount in controversy was less than $100. The motion must be denied, with costs.

This case was decided 6th April, 1833.