Lamoure *v.* Caryl.

LAMOURE *vs.* CARYL.

Where in a justice's court the plaintiff's claim and the defendant's set-off together exceed $400, and the justice, instead of entering judgment of discontinuance, proceeds with the cause and gives judgment for the balance, such judgment, though *erroneous, is not void for want of jurisdiction.*   *Per* BEARDSLEY, J.

The error is not waived in a case in which the cause is tried by jury, by the failure of the party against whom the judgment was given to object, where it does not appear that he was present when the verdict was rendered.

The rule that the *opinion* of a witness cannot be received where the question is not one of skill or science, applied to the case of a witness called to testify to the value of the defendant's services as a clerk in the plaintiff's store—the witness being a farmer and not acquainted with the usual price paid for such services.

ERROR to the Otsego common pleas, to review a judgment of that court, reversing, on *certiorari*, a judgment of a justice of the peace in favor of Lamoure, who was defendant in the justice's court.   The facts are sufficiently stated in the opinion of the court.

*A. Becker,* for the plaintiff in error.

*S. Crippen,* for the defendant in error.

*By the Court,* BEARDSLEY, J.   The declaration was for goods, wares and merchandize, work done, money had and re-

Lamoure v. Caryl.

ceived, and on book account. To this the general issue was pleaded, and a notice of set-off given, of the same general char acter with the declaration. On the trial, after examining the plaintiff's book account, which amounted to $246,44, the same was admitted to be correct. This was exclusive of an amount the plaintiff had *paid* to the defendant on the purchase of a wagon of him. The defendant claimed by way of set-off the balance due for this wagon, as well as various other items, including a compensation for his services as a clerk in the plaintiff's store for upwards of a year. Evidence was given with a view to establish these matters of set-off, and (the cause being tried by jury,) the result was a verdict for $18.04 in favor of the defendant.

As the plaintiff's account to the amount of $246,44 was agreed to be correct, and a balance of $18,04 was found due to the defendant, it seems impossible to resist the conclusion that the defendant's demands by way of set-off, as allowed by the jury, amounted to $264,48, that being $18,04 above the plaintiff's claim as admitted by the defendant. There was no pretence that any part of these adverse claims grew out of *payments* made or received by either of the parties; on the contrary, they were founded exclusively, on unadjusted matters of account, including a balance due for a wagon sold, and a charge for about a year's services as clerk. It seems therefore to have been a case in which a judgment of discontinuance should have been rendered against the plaintiff, and not, as was done, a judgment for the balance found by the jury.

By the statute " no justice of the peace shall have cogni- zance" " of any matters of account, where the sum total of the accounts of both parties, proved to the satisfaction of the jus- tice, shall exceed four hundred dollars." (2 *R. S.* 226, § 4.) And " if upon the trial of a cause, it shall appear that the amount of the plaintiff's claim, together with the demands set off by the defendant, according to the preceding provisions, ex- ceed four hundred dollars, judgment of discontinuance shall be rendered against the plaintiff, with costs." (*Id.* 235, § 54.)

To bring a case within these provisions, the claims, demands,

Lamoure *v.* Caryl.

or accounts, which make up a sum exceeding four hundred dollars, must be subsisting, open and unadjusted between the parties—that is, they must be such as are not founded on *payments* as originally made, or on matters of account, which, by agreement of the parties, were subsequently applied as *payments*. Where *payments* have been made, or accounts settled, the balance, only, would constitute a claim, demand or account within the statute; for whatever had been received or applied specifically, as payment, would be rejected. (2 *Cowen's Tr.* 746; *Abernathy* v. *Abernathy,* 2 *Cowen,* 416; *Matteson* v. *Bloomfield,* 10 *Wend.* 555; *Ex parte Mills* v. *The N. Y. Common Pleas, id.* 557, *note.*) Here the plaintiff's account, as admitted, and the defendant's set-off, as shewn by the verdict, amounted together to more than five hundred dollars, no part of which had been advanced or received by way of *payment,* but was entirely matter of account and claim. It was, therefore, directly within the statute; and a judgment of discontinuance, with costs, should have been rendered against the plaintiff.

In principle, this was like an action before a justice of the peace, where title to land is brought in question on the plaintiff's own showing, and in which case, if judgment is rendered by the justice it is not void, although it is erroneous. The statute declares that " no justice of the peace shall have cognizance of any action"—" where the title to land shall in any wise come in question, as" thereinafter provided. (§ 4, *supra.*) Such title may come in question in either of two ways: *first,* by plea or notice of title, security being given as the statute directs, and " thereupon the action shall be discontinued and each party shall pay his own costs." (*Id.* 236, § 59 *to* 62.) Where title is thus alleged and security given, the justice no longer has jurisdiction of the case, and should he proceed and render judgment, such judgment would be wholly void. *Secondly,* where on the trial of a cause, it appears by the plaintiff's own shewing that the title to lands is in question, which title is disputed by the defendant, it is the duty of the justice to dismiss the cause, and the plaintiff shall pay the costs. (*Supra*

237, § 63.) But in such case, if the justice should go through with the cause and render judgment on the merits, although it would be error, there would be no excess of jurisdiction. The distinction between cases in which title is pleaded by the defendant, and where it appears on the trial by the plaintiff's own showing, is illustrated in *Koon* v. *Mazuzan*, (6 *Hill*, 44;) *Willoughby* v. *Jenks*, (20 *Wend*. 96;) *Whiting* v. *Dudley*, (19 *id*. 373;) and *Striker* v. *Mott*, (6 *id*. 465.)

No objection was made at any stage of the trial, to jurisdiction of the cause being retained by the justice, or to his rendering judgment on the verdict as found by the jury. But this cannot aid the case on the part of the defendant below. That the amount of the demands of the parties, exceeded four hundred dollars, was not established until the verdict was given, and as the plaintiff does not appear to have been present at that time, or before judgment was rendered on the verdict, there is no ground on which we can hold that he is precluded from now taking the objection. The judgment rendered by the justice, was erroneous, although, not void, and the judgment of reversal was correct.

There is another objection which would also be fatal to the judgment rendered by the justice. A witness for the defendant, who had known him a clerk while in the service of the plaintiff, was asked by the defendant what his services were worth. The witness had testified that he was a farmer and did not know what clerks in country stores usually received. The plaintiff objected to the inquiry, but the objection was overruled and the question was answered. In general the opinion of a witness is not evidence for a jury, although there are exceptions to the rule. But they all proceed on the principle that the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness. The evidence of experts is received on the ground of science or skill, and witnesses may speak on the value of property or labor, where it appears they have peculiar sources of knowledge to guide them on these subjects, and which are not presumed to be equally

within reach of the jury. (1 *Phil. Ev.* 290; *Cowen & Hill's Notes, p.* 759 *to* 763; *Green. Ev.* § 440; *Phillips* v. *Kingfield,* 19 *Maine R.* 375; *Rochester* v. *Chester,* 3 *N. Hamp.* 349; *Brill* v. *Flagler,* 23 *Wend.* 354.)

The witness whose opinion was received was not shown to have any means of knowledge on this subject, beyond the range of the jury. Objection was made to his opinion being received as evidence. The objection was well founded, and should have been sustained. The parties were entitled to the judgment of the jury on the value of the defendant's services, and how were they, rightfully, to be aided by the mere opinion of a witness who had no means of information beyond their own? Opinions are to be formed by jurors, but it is the business of witnesses to deal with facts. Even where their opinions are allowable, it is more with a view to inform the jury on some matter of fact, than for the mere purpose of obtaining an opinion. The expressed opinion of an expert, or of a person acquainted with some peculiar subject or business, is little more than a brief abstract of a long examination. The law, in such case, allows the opinion as a substitute for an extended examination. It is brief and intelligible, and may very properly be received as the result of what would be established by the evidence of the witness if given in detail. But where the witness has no such information to impart, the law will in no case permit his opinion to be received.

Judgment affirmed.