## SUPREME COURT.

GEORGE M. GRIFFEN and others agt. ORVILLE BROWN and
LUCIUS S. SMITH.

Where the plaintiffs sued to recover of the defendants $500 for the lighterage and storage of grain, and the defendants interposed a counter-claim for more than that amount for wastage and conversion of the grain, and claimed a balance in their favor, and the referee, on adjusting the claims on each side, found in favor of the plaintiff a balance of *five cents*, *held*, that the plaintiffs were entitled to *costs*.

*Albany Special Term, August,* 1867.
MOTION by plaintiffs to set aside judgment for costs, in

this case, entered for defendants, and to award costs to plaintiffs, upon the report of the referee therein.

S. F. HIGGINS, *for plaintiffs.*
H. HARRIS, *for defendants.*

HOGEBOOM, J.   The plaintiffs in this case sued to recover for lighterage and storage of grain for defendants about the sum of $500, and by the report of the referee established their claim, with interest, at nearly that amount.

The defendants, admitting the lighterage and storage of a large quantity of the grain, claimed in their answer that a considerable quantity of the grain was never returned to them, but lost or wasted or converted by plaintiffs, and claimed that plaintiffs should account and pay for the deficient quantity; that such amount should be applied in payment and discharge of the plaintiffs' claim, and the defendants have judgment for the excess.

The referee allowed most of the defendants' claim; found that a certain portion of the grain that went into defendants' possession was lost by shrinkage and waste, and that nearly 1,000 bushels were unaccounted for, for which quantity the referee charged the plaintiffs at the market price, with interest, amounting *within five cents* to the amount of the plaintiffs' claim; *for which sum of five cents* the referee reported in favor of the plaintiffs.   The defendants, supposing themselves, under this state of facts, to be entitled to costs, taxed the same at over $100 against the plaintiffs (the plaintiffs objecting thereto), and entered judgment therefor against the the plaintiffs; and the plaintiffs now move to set aside the judgment, for costs, and for an order adjudging that the plaintiffs are entitled to costs.

I think it quite clear that the plaintiffs are so entitled. They established at the trial, and were allowed for, a valid and subsisting claim or account against the defendants of over $400, and nearly $500; and the defendants established

to the satisfaction of the referee a set off or counter-claim of over $400, and nearly $500, and within five cents as much as the plaintiffs' demand.

Both of these were subsisting and independent demands, and could have been prosecuted for as such affirmatively in a court of justice. There was no payment or application of either upon the other until such application was made by the referee, with the consent of the law, and of the defendants on the trial of the cause. If there was any conversion or other tort, for which the defendants could have prosecuted the plaintiffs, it was virtually, if not expressly, waived by the act of the defendants in their answer, and upon the trial, asking compensation from the plaintiffs, and the application of the amount thus obtained upon the plaintiffs' demand. Both demands were therefore matters of account, within the meaning of section 54 of the Code, whereby a justice of the peace is excluded from entertaining jurisdiction "where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed four hundred dollars." In this case the causes of action of each party (plaintiffs and defendants) exceeded that sum, and I can perceive no authority for saying that a justice of the peace would have had jurisdiction, unless the parties had voluntarily relinquished a portion of their demands. This it would have been unsafe for the plaintiffs to do; for the defendants, not relinquishing any portion of theirs, could have prosecuted in an independent action in a court of record, and recovered the whole amount of their demand; or, if obliged to set off in the justice's court, must have recovered a judgment against the plaintiffs over and above the plaintiffs' demand, for an amount equal to the sum relinquished by the plaintiffs, as the amount of their respective claims was equal, or so within five cents. (*Stilwell* agt. *Staples*, 3 *Abb.* 365; 5 *Duer*, 691; *Matteson* agt. *Bloomfield*, 10 *Wend.* 555; *Mills* agt. *N. Y. Com. Pleas*, 10 *Wend.* 557; *Brady* agt. *Disbrow*, 2 *E. D. Smith*, 78; *Par-*

*ker* agt. *Eaton*, 25 *Barb.* 122; *Gilleland* agt. *Campbell*, 18 *How.* 177.)

The case of *Crane* agt. *Holcomb* (2 *Hilt.* 269), if it is to be regarded as adverse to this view, is against the weight of authority. But it was disposed of upon different considerations and under a different statute. 1. The question arose under the act conferring jurisdiction upon the district courts of New York (1 *Laws of* 1857, *p.* 707), which is different in language and legal effect. 2. It was decided *mainly* upon the effect of subdivision 4 of section 304 of the Code, which gives costs to the plaintiff of course in actions for the recovery of money, where the plaintiff shall recover $50, and section 305, which gives costs of course to the defendant, in the actions before mentioned, where the plaintiff is not eniitled to costs therein.

The other cases cited by defendants' counsel, *Trust* agt. *Person* (3 *Abb.* 84) and *Peet* agt. *Worth* (1 *Bosw.* 653), are without much bearing on the present question. The first merely decides in effect that an action to enforce a lien, as presented by the complaint then before the court, was an action for the recovery of money, and must be determined, in regard to costs, by subdivision 4 of section 304. And the last was a case strictly within that subdivision; at least, it does not bear upon the present question.

It is upon section 305, and the 4th subdivision of section 304, that the argument of defendants' counsel in this case is based; and if subdivision 4 of section 304 was the only one to be considered, the defendants would be right. But the several subdivisions of that section (304) must be considered in connection with each other, and each must be allowed to have force. Subdivision 3 of section 304 gives costs to the plaintiff, upon a recovery (for any amount), "in the actions of which a court of justice of the peace has no jurisdiction." This is an action of that kind, and must be construed, I think, to allow the plaintiffs costs, notwithstanding subdivision 4 provides for costs to the plaintiff, in actions for the

recovery of money, where he recovers fifty dollars; and section 305 gives the defendant costs, where the plaintiff is not entitled to them.   There is no other way of harmonizing subdivisions 3 and 4, or of making both of them operative, · but by allowing full force to subdivision 3 in all cases to which it is applicable, and limiting the operation of subdivision 4 to cases which are not covered by subdivision 3.

I have no doubt this is in accordance with the intent of the legislature, as it seems plainly to be with the weight of authority.

The plaintiffs, therefore, and not the defendants, are entitled to costs; and as the defendants have insisted upon taxing costs in their favor, and entering judgment therefor, I think the motion must be granted, with $10 costs.