Grover, J.
 

 The respondents claim costs, although the action was upon contract, and their recovery was less than fifty dollars under section 304 of the Code. That provides that costs shall be allowed of course to the plaintiffs, in the following cases: Subdivision 3 in the action, of which a court of justice of the peace has no jurisdiction. Subdivision 4 of section 54 provides, that such a court shall not have jurisdiction of a matter of account, where the sum total of the accounts of both parties proved to the satisfaction of the justice shall exceed $400. Whether such was the fact in this case must be determined by the facts found hy the' referee as his finding, is conclusive upon the parties for this purpose. The question is whether the referee found that the demand of the defendant, Henry Conde against the plaintiffs, for what is called the royalty, amounting to a little less than $200, had by the parties been applied in payment of the claims of the plaintiffs, when the suit was brought, which amounted to a little more than $200, or whether such demand was at the commencement of the suit an existing debt against the plaintiffs available as a defence by way of set-off only. If the former, the amount of the accounts of both parties was less than $400 ; if the latter, it exceeded that sum. In his finding of fact, the referee states that there was a question between the parties, whether the claim of Conde was to be allowed on the claim in suit, or whether the understanding was it should be allowed generally without affecting (specifying meaning) the particular account on which it should be credited. He proceeds: I find the agreement was
 
 *91
 
 (in September, 1869, at the time of the question of liability arose, ¿s above stated) to apply on the account in suit, but that in fact it never was applied except as thereafter stated in Conde’s statement sent to the plaintiff December 21, 1869; and in the statement rendered to the defendant, Conde, by the plaintiffs’ attorney, containing claims against Conde, and Conde
 
 &
 
 Son. The above finding, unless controlled by subsequent facts found, shows that the claim of Conde against the plaintiffs was extinguished at the time of the agreement by its application as payment of so much of the plaintiffs’ demand in suit, and that the latter was diminished as a debt against the defendants to the extent of such payment, and that the balance only remained as a debt.
 
 (Davis
 
 v.
 
 Spencer,
 
 24th N. Y., 386, and cases cited in the opinion of Allen, J.) There is no fact found inconsistent with the above finding. The referee further finds that on the 25th of Sovernbor, 1869, plaintiffs wrote to Conde & Son, requesting them to send plaintiffs a statement of what they claim for royalty, and that on the 27th day of December, 1869, defendant, Conde, forwarded the statement for royalty to plaintiffs, and credited it on the claim in the action; and inclosed it in a letter, giving a copy thereof, which letter was not answered by the plaintiffs. This leads to the same conclusion almost irresistibly. The referee further finds that on the 25th January, 1870, the plaintiffs sent the amount in suit, and also the account against Conde
 
 &
 
 Son, to their attorney in this suit for collection; and that after some negotiation between Conde and the attorney the claim against Conde & Son was paid, leaving the claim in suit and the claim for royalty unadjusted; but that the claim for royalty was not disputed, and was in fact credited and allowed in a statement of accounts furnished by plaintiffs’ attorney to Conde against Conde & Co. (the claim in suit) and Conde & Son, both accounts being regarded as one account. It is obvious that this does not at all militate against the above facts. He then finds the amount due upon the plaintiffs’ statement, presented September 10th, 1869, without deducting the Condes’ demand, to be $210.90, which
 
 *92
 
 the defendant Conde upon the dissolution of the firm had agreed to pay. He then finds the amount of Condes’ demand for royalty at the date of the report, and that Conde on the 10th April, 1870, assigned the same to the late firm, against which the demand of the plaintiffs in suit existed. This last fact might be regarded as evidence, that the demand of Conde had not been extinguished by its application as payment
 
 pro tmito
 
 of the demand of the plaintiffs in suit; but the fact having been found, which shows that it had been so applied, it is wholly immaterial. His legal conclusions, drawn from the facts found, cannot control or change" the facts; and whether he arrived at the balance due the plaintiffs by calling the demand of Conde a set-off, or deducted it as payment in such conclusions, is immaterial. The counsel for the respondents cites numerous cases in this court, showing that in support of the judgment of the referee it will, under certain circumstances, be assumed, that he found other facts in addition to those specified in his report, but these cases have no application to the present. The referee has given no judgment upon the question of costs. He had* no power in this case over that question. The law determines it upon the facts found by him. My conclusion is, that the facts found show, that the demand of Conde was extinguished by its application in pay
 
 mentpro tcmto
 
 of the plaintiffs’ claim in suit, and that therefore the amount of the accounts of both parties was less than $400. As the plaintiffs’ recovery was less than fifty dollars, they are not entitled to costs. These facts give the defendants costs. ■ (Code, § 305.) The Special Term was right in denying the plaintiffs’ motion, and the General Term erred in reversing its order. The order of the latter must be reversed and that of the former affirmed with costs.
 

 All concur.
 

 Ordered accordingly.