Hardin, J.
The plaintiff ’ s counsel insists that under subdivision 3, of section 304 of the Code, the plaintiff is entitled to recover costs in this action.
That section provides, “costs shall be allowed, of course, to the plaintiff upon a recovery in the following cases.” * * "* (Subdivisions.) “ In the actions of which a court of justice of the peace has no jurisdiction. ’ ’
Section 53 of the Code confers jurisdiction upon justices of the peace in numerous cases, and by subdivision 2 thereof, viz., “all actions for damages for injury to rights pertaining to the person, or to personal or real property, if the damages claimed do not exceed $200.” The damages demanded in the complaint in this action were $1,000, and therefore it is insisted that the plain *411 tiff was entitled, upon the verdict o£ $47.66 in her favor, to recover costs of this action. It may be conceded that had the complaint, claiming to recover $1,000, been presented to a justice of the peace, it would have appeared by it that the justice had no jurisdiction of the action. But section 53 of the Code expressly confers upon justices’ courts jurisdiction of the class of actions to which this belongs; and the recent cases hold that section 304, subdivision 3, must be construed in the light of the facts found in the court, and that those facts are controlling upon the question as to whether a court of justice of the peace has or has not jurisdiction. (Fuller v. Conde, 47 N. Y. 89.) Grover, J., at page 90, says, in respect to subdivision 3, of section 304: “Whether such was the fact in this case must be determined by the facts found by the referee, as his finding is conclusive upon the parties/or this purpose’’
Applying the rule thus laid down in the Court of Appeals to this case, we have, 1st. A cause of action belonging to a class of which a justice of the peace has jurisdiction. 3d. A verdict upon it conclusively establishing that the plaintiff’s cause of action was less than $300, and therefore within the jurisdiction of a justice of the peace. 3d. That a recovery was had for less than $50. And from these conclusions it must be determined that the plaintiff is not entitled to costs. By section 305 the defendant is entitled to costs, unless the plaintiff be entitled to costs by virtue of section 304.
It was insisted by the learned counsel for the plaintiff that the case of Ryan v. Doyle, (40 How. 215,) was in point. By inspection of that case it will be observed that the referee found the value of the whole property to be $300, and also found that the plaintiff ha,d brought his action to recover the value of the whole, and litigated his claim in good faith,” and the opinion of Johnson, J., states: “Had the action been brought in a justice’s court and no more than the nctuql value been claimed, *412 the justice would have had no right to try .the action.” This case is unlike that.
[Oneida Special Term,
October 29, 1872.
Hardin, Justice.]
The opinion of Balcom, J., in Alexander v. Hard, (42 How. 132,) supports' the views already expressed in favor of the defendant’s right to’costs. There is no provision of section 54 of the Code, which excludes from the jurisdiction of a justice’s .court the cause of action stated in the plaintiff’s complaint, and construing section 53 with section 54, it is clear that the justice’s court would have jurisdiction of the class of actions to which this one belongs, and the plaintiff could not, by demanding over $260 damages, in this court, entitle himself to costs upon a recovery of less than $50. Section 304 admits of no such construction. (Cases supra, Blank v. Westcott, 7 Abb. N. S. 225. Pinder v. Stoot-hoff, Id. 433.)
The court was also asked to set aside the judgment, because the costs were inserted in the judgment without application first had to the court. lío such application was necessary. Upon the coming in of the verdict of the. jury for less than $50, the defendant’s right to costs, under section 305 of the Code, was absolute. It was a statutory right, and the court had no discretion. The case of Bailey v. Stone, (41 How. 346,) is inapplicable, for the reason that in this case there was a verdict, and the statute gives the costs as a matter of course, and it was the duty of the clerk to tax the defendant’s items, as he has done.
The judgment .entered correctly states the rights of the parties in respect to the costs; and the motion to set the same aside must be denied, with $5 costs.