Brady *v.* Smith.

## New York Marine Court.

*Special Term—December* 23, 1878.

### EDWARD BRADY *against* MACPHERSON SMITH, ET AL.

In an action of trespass *quare clausum fregit,* the defendant is entitled to the taxable costs, unless the plaintiff recovers a verdict of $50 or more.

A justice of the peace has jurisdiction of such an action.

The amount finally recovered, and not the amount demanded in the complaint, determines the question whether or not the action is one within the moneyed jurisdiction of the justices' court.

McADAM, J.—The action is in trespass *quare clausum fregit,* and the plaintiff had a verdict for $40 damages.

The question presented for decision is, to which party do the costs belong under such circumstances?

The statute applicable to this court provides (*Marine Court Appendix,* p. 45, § 45 of act*) that costs shall be allowed of course to a plaintiff upon a recovery in the following cases (subd. 4) : "In an action for the recovery of money, where the plaintiff shall recover $50."

And section 47 of the same act provides that "costs shall be allowed of course to defendant, unless the plaintiff be entitled thereto under the above section."

Thus far these provisions give the taxable costs to the defendants. But the plaintiff's counsel contends that the plaintiff is entitled to costs, under subd. 3 of

* *Code* 1875, c. 479, § 304.

section 45 (*supra*), which gives costs to the plaintiff "In the actions of which a court of justice of the peace has no jurisdiction." And this leads us to the inquiry whether a court of justice of the peace has jurisdiction of an action like the present. The Code (§ 53) provides that justices of the peace shall have civil jurisdiction of (subd. 2) "an action for damages *for injury to rights pertaining to* the person, or to personal or *real property*, if the damages claimed do not exceed $200."

This provision gives jurisdiction to the justice, there being no disputed question of title raised (Ehle *v.* Quackenboss, 6 *Hill*, 537 ; 27 *Barb*. 215 ; 1 *Daly*, 509). Indeed, the pleadings in the present case admitted the plaintiff's possession and right of possession as tenant, under a hiring from the defendants, and the contest was thus narrowed down to the acts of trespass, and the question whether there was a license given by the plaintiff to the defendants to enter upon the premises, and whether any and what damage had been done to the plaintiff in consequence thereof. The plaintiff's counsel further contends, that, even if the action as to subject-matter be within the jurisdiction of the justice's court, the amount of damages claimed, *i. e.*, $2,000, put it out of and beyond such jurisdiction. The answer to this is " that as the justice's court had jurisdiction of the class of actions to which this one belongs, the plaintiff could not, by demanding more than the damages recoverable in a justice's court, entitle himself, in a court of record, to a bill of costs on a recovery of less than $50 (Lultgor *v.* Walters, 64 *Barb*. 417 ; Seaman *v.* Glegner, 3 *Hun*, 119 ; Powers *v.* Gross, 6 *Id*. 234 ; affi'd in 66 *N. Y.* 646) ; for, as was said in Seaman *v.* Glegner (*supra*), "The recovery in the cause shows that the justice had jurisdiction to try it," because the "verdict establishes, for all the purposes of costs, that the damages were but $40."

To give the statute in regard to costs the construction contended for by the plaintiff's counsel, would, in the language of DAVIS, P. J. (3 *Hun*, 120), " bring into this court every cause of action now triable in a justice's court, by a demand of damages exceeding $200, and to entitle plaintiff to costs in such actions, if he recovers six cents." Such being the case, it follows therefore that the defendants are entitled to tax a full bill of costs.