B. GEDNEY TOMPKINS, RESPONDENT, v. GEORGE W. GREENE, APPELLANT.

21h 257
f 62ad585
62ad586

*Costs in an action in the county court, where the recovery is less than $50—what the plaintiff must show to entitle himself to them—Code, § 304.*

To entitle a plaintiff, who recovers less than $50, in an action brought in a county court, to costs, on the ground that a justice's court had no jurisdiction over the action, because it involved accounts exceeding in amount $400, he must prove not only that the sum of the accounts claimed exceeded $400, but that the sum of the accounts actually proved upon the trial was in excess thereof.

APPEAL from an order of the Westchester County Court, denying a motion made by the defendant for an order directing that costs be taxed by the clerk in his favor.

The action was brought in the Westchester County Court, the plaintiff claiming for goods, wares and merchandise sold and delivered, and for the rent of certain premises occupied by the defendant, which claims amounted in all to the sum of $156.08. The defendant answered, alleging payment, and setting up a counter-claim of $271.68. On the trial the plaintiff proved the whole amount of his claim, and the defendant proved $113.20 of the counter-claim set up by him.

A verdict was rendered in favor of the plaintiff for $42.88. The clerk taxed the costs in favor of the plaintiff. The defendant then made a motion at a Special Term of the County Court, asking that an order be made directing that the clerk tax the costs in his favor, which motion was denied, and from the order denying such motion the defendant appealed to this court.

*Francis Larkin,* for the appellant.

*William G. Valentine,* for the respondent.

GILBERT, J.:

The recovery being of a sum less than $50, the plaintiff is not, and the defendant is entitled to costs, unless the action belongs to a class of which courts of justices of the peace have not jurisdiction.

(Code, § 304, subd. 4; § 305, § 304, subd. 3.) They have not jurisdiction of actions involving a matter of account when the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed $400. (Code, § 54, subd. 4.)

As this action was brought, not in a court of a justice of the peace, but in the County Court, the mode provided by the statute of determining whether a justice's court had jurisdiction or not could not be resorted to. Still, it is incumbent on the plaintiff to show that a justice's court had not jurisdiction. That is not done by proof that the sum total of the accounts *claimed* by both parties exceeded $400; for the statute has made the jurisdiction dependent upon the sum total of such accounts *proved*, &c. If, therefore, we take the only proof of the sum total of such accounts which the case affords—namely, the verdict of the jury upon the trial in the County Court—it appears that the sum total of such accounts amounted to only the sum of $269.28. It follows that the action was one of which justices' courts have jurisdiction. That recourse may be had to the proof of the amount of the accounts given in the County Court to determine the question before us, seems to have been decided in several cases. (*Glackin* v. *Zeller*, 52 Barb., 146; *Lultyor* v. *Walters*, 64 Id., 419; *Fuller* v. *Conde*, 47 N. Y., 89.)

The order appealed from must be reversed, with $10 costs and disbursements, and the clerk of Westchester county be directed to tax the defendant's costs and to enter judgment in his favor therefor.

BARNARD, P. J., and PRATT, J., concurred.

Order of County Court allowing costs to plaintiff reversed, with costs and disbursements, and costs ordered for defendant.