Bockes, J.
I am of the opinion that this case was within the jurisdiction of a justice’s court. The question is whether the sum total of the accounts between the parties, exceeded $400 ; that is, as we shall hereafter see, whether the balance of accounts between the parties, after an application of all payments made by them, exceeded $400. This question is to be determined by the findings of the referee (Fuller v. Conde, 47 N. Y. 89), which in this case state specifically the claims of the respective parties, the nature of the claims, and the payments made. It must be held in mind that payments go in extinguishment of the accounts, and that it is the balance unpaid after an application of the payments which settles the question of jurisdiction. In Crim v. Cronkhite (15 How. Pr. 250) the referee found that the plaintiff’s claims as proved amounted to $260.90 ; that the defendant’s payments and counter-claim as established by the proof amounted to $232.28 ; and that the payments included in the latter sum amounted to $95.85. The recovery by the plaintiff being less than $50, it was held that the defendant was entitled to costs. In Matteson v. Bloomfield (10 Wend. 555), the sum total of the plaintiff’s demands as proved was $550.36. Payments were proved to have been made reducing the balance remaining due to less than $50. Costs to the' plaintiff were refused. In Mills v. N. Y. C. P. (10 Wend. 557, *65 note), the plaintiff’s demands were in the aggregate $521.60. The defendant’s set-off, as claimed, was $143, and his payments $374.68. The referee certified that the demand of the plaintiff, “ as established at the trial, exceeded $400, which was diminished more than. $300 by divers payments.” The recovery was less than $50. Costs to the plaintiff were refused. In this case Judge Nelson said, “ The debts, demands and accounts of both parties in dispute, between them, did exceed $400. The accounts as exhibited, exceeded that sum, but payments were shown on each side; and as far forth as payments were made, the account or demand of each of the parties was extinguished.” The learned judge added, in conclusion, “ The payments mutually made cannotbe considered as debts, demands, or accounts, within the meaning of this statute ; and deducting them from the accounts, the whole amount in controversy was less than $100.” So in Lamoure v. Caryl (4 Denio, 370, 372), it is said that “when payments have been made, the balance only would constitute a claim, demand or account within the statute.” The same rule of construction is recognized in Fuller v. Conde (47 N. Y. 89), and was there given application by the court. So it was held, in this case (Fuller v. Conde), that although the claims in suit exceeded $400, yet as there was an extinguishment of them by payment to an extent that left the balance less than $400, and the plaintiff’s recovery being less tlian $50, the defendant, and not the plaintiff, was entitled to costs.
Now, let us apply the law so settled by repeated decisions to the case in hand. The question is, did the balance of the accounts between the parties, after an allowance of the payments, exceed $400. Most certainly it did not. This is clearly shown by tabulating the items of the claims of the respective parties, setting down in the table the items of payment allowed by *66 the referee. The case thus stands on the facts, as follows :
Deft in account with pl’ff’s firm. Cb. Db.
Goods, etc...... . $308.28
Cash advanced . • 165.70
$473.98
By lumber, hides, etc. $69.83
“ cash paid on account 198.90
“ payt. July 19, 1878 . 175.00
“ payt. Dec. 13, 1878 . 20.00
Judgment for balance 10.25
$473.98 $473.98
Now certainly, here are three items of payments, to wit, $198.90, $175.00, $20.00, $393.90. To this extent, according to the cases cited, the plaintiff’s account, demand or claim yvas extinguished, and, to adopt the language of the court in Lamoure v. Caryl, “ the balance only constituted the claim, demand or account within the statute,” to be considered in determing the question of jurisdiction. The balance in this case, under this construction of the law, was but $149.91; hence it was a case within the jurisdiction of a justice’s court.
It really makes no difference whether the defendant’s payments be applied in extinguishment of the money advancements, or in extinguishment of the items for goods, etc., sold and delivered. If applied upon the demand, for money advanced, the payments extinguished that demand, and left abalance of $228.20 to apply on the item for goods, etc. If applied upon the demand for goods, etc., the payment extinguished that demand and left $85.62 to apply on the money advances. It comes to this, that the payments by the defendant operated in extinguishment of the plaintiff’s demand pro tanto, and only the balance of *67 the accounts between the parties can be taken into consideration in determining the question of jurisdiction here presented. Make the extinguishment by an application of the payments, and the balance of those accounts falls far short of $400. The case was therefore within the jurisdiction of a justice’s court. I need not comment on the distinction which exists and to be observed, in cases like the present, between payment and set-off. The question here is as to the effect of payments.
The referee awarded costs to the plaintiff. In this, he was in error ; indeed, he had no right to pass upon that question (Fuller v. Conde, 47 N. Y. 89). The right to costs is declared by statute, and is absolute on the facts found to exist.
I am of the opinion therefore that the order appealed from should be reversed; and that the motion made by the defendant should be granted. This will, in effect, also reverse that part of the judgment appealed from.
The defendant should have $10 costs of appeal and disbursements for printing; and also $10 costs of motion at special term.