Lablache agt. Kirkpatrick *et al.*

---

## CITY COURT OF NEW YORK.

EMILIA LABLACHE, plaintiff and respondent, agt. JOHN KIRKPATRICK *et al.*, defendants and appellants.

*Justice's court — Costs — On recovery for less than fifty dollars, where independent counter-claims are interposed and extinguished — Code of Civil Procedure, sections 2863–3228.*

The plaintiff sued for $333.33, and the court found that the plaintiff was entitled to recover this sum, but the recovery was reduced by independent counter-claims to $5.20:

*Held,* that as the sum total of the accounts of both parties, proved to the satisfaction of the court, exceeded $400, a justice's court would not have had jurisdiction of the action, and for this reason the plaintiff was entitled to full costs.

*General Term, December,* 1885.

APPEAL from an order made at special term denying an application to set aside the taxation of the plaintiff's costs and denying a motion made by the defendants for a direction to tax costs in their favor.

*Arnoux, Rich* and *Woodford,* for defendants and appellants.

*Olin, Rives* and *Montgomery*, for plaintiff and defendant.

McADAM, *C. J.*—The action was commenced to recover $333 damages upon an undertaking executed by the defendants upon the granting of an injunction in the supreme court of the city of New York in an action wherein the plaintiff herein was the defendant. The defendants herein were the sureties upon said undertaking. It was in the sum of $500, and was conditioned that the plaintiff in that action would pay to the defendant therein (plaintiff here) any damages she might sustain by reason of the injunction, if the court finally decided that the plaintiff in that action was not entitled thereto; such damages to be ascertained and determined by the court or by a referee appointed by the court, or by a writ of inquiry or otherwise, as the court might direct.

The damages were ascertained by the superior court in one of the forms contemplated by the undertaking, and the damages were fixed at $333.33, the amount claimed in the complaint herein, and this action is brought to recover the amount so ascertained and determined. The defense relied upon was a counter-claim against the plaintiff on two judgments, which were assigned to the defendants before suit brought. Upon the trial the plaintiff was allowed the amount of her damages, with interest, aggregating $349.26, and the defendants were allowed the amount due upon the judgments, with interest, aggregating $344.06, and for the balance due, $5.20, the court awarded judgment in favor of the plaintiff.

The plaintiff and defendants claimed costs. The clerk taxed the bill presented by the plaintiff, and declined to tax the bill presented by the defendants, and from an order made at special term declining to set aside the taxation in favor of the plaintiff and refusing to direct the clerk to tax costs in favor of the defendants, the present appeal is taken. The question presented, therefore, is, which of the parties litigant, plaintiff or defendant, is entitled to the costs. Ordinarily a plaintiff recovering less than fifty dollars cannot recover costs, but must pay

Lablache agt. Kirkpatrick *et al.*

costs to his adversary, and we are called upon to determine, whether the present case falls within the general rule, or some exception to it. We will consider the exceptional rules first, because, if an exceptional rule applies, the general rule does not.

The Code allows full costs to a plaintiff, upon the rendering of a final judgment in his favor (*Code, sec.* 3228) in an action specified in section 2863 of the act (*sec.* 3228, *supra, subd.* 2), without regard to the amount recovered. Section 2863 refers to actions wherein justices of the peace have no jurisdiction, and subdivision 4 of that section deprives such justices of jurisdiction, "where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400," so that if the present case falls within that subdivision, the plaintiff is entitled to costs, having recovered a final judgment in her favor, and this without regard to the amount thereof.

This subdivision and the one in the former Code, from which it is taken, have already received judicial interpretation. The subdivision in question does not apply to a case where there are opposite demands, and the accounts are connected by originating in the same transaction, and the balance is the debt, because, if the plaintiff had given the proper credit instead of suing on one side of the account only, the balance due might have been sued and recovered in a justice's court (*Gregory* agt. *McArdle,* 1 *How. Pr.* [*N. S.*], 187). But where the accounts are not connected by originating in the same transaction, and the counter-claims or cross-accounts of the defendant are disconnected with the plaintiff's account and exist independently of it, it is not a case where the plaintiff is bound to know of the counter-claim in advance so as to be required to strike a balance for the purpose of bringing the suit within the jurisdiction of a justice's court.

This is particularly so in this case, for the counterclaims were probably unknown to the plaintiff when the action was commenced, and exist only by virtue of assignments which the

Lablache agt. Kirkpatrick *et al.*

defendants procured evidently for their protection against the claim of the plaintiff, the amount of which had previously been ascertained and fixed by proceedings in the superior court. The "sum total of the accounts of both parties, proved to the satisfaction of the court, exceeded $400" within the proper intent and meaning of subdivision 4 of section 2863 of the Code, and the plaintiff, in our judgment, became entitled to costs upon her recovery, though it was but for $5.20.

In *Ex parte Mills* (10 *Wend.*, 557, *note*) the court held that a plaintiff recovering less than fifty dollars in a court of record is not entitled to recover costs, though his claim, as established at the trial, exceed $200, if it be reduced by payments. If reduced by set-offs, however, he is entitled to costs.

To the same effect is *Lamoure* agt. *Caryl* (4 *Denio*, 370). The counterclaims pleaded by the defendants were in no sense payments, but in the nature of set-offs. In Boston, *Mills* agt. *Cull* (6 *Abb.* [*N. S.*], 319) it was held that a plaintiff, who sues in a court of record, in an action arising on contract and for the recovery of money only, and who recovers judgment for less than fifty dollars in consequence of a counterclaim interposed and established by the defendant in the action, is entitled to the costs of the action, provided his claim, together with the defendant's counterclaim, exceed $400 in amount.

In *Griffin* agt. *Brown* (35 *How. Pr.*, 372) it was held that where the plaintiffs sued to recover of the defendants $500 for the lighterage and storage of grain, and the defendants interposed a counterclaim for more than that amount for wastage and conversion of the grain, and claimed a balance in their favor, and the referee, on adjusting the claims on each side, found in favor of the plaintiffs a balance of five cents, it was held that the plaintiffs were entitled to costs.

In *Hayes* agt. *O'Reilly* (*Daily Reg.*, *July* 1, 1884) the question was considered by the special term of this court, and after reviewing the cases it was held that where the defendant interposed an independent counterclaim of $1,400 to a demand of $1,700, and the counterclaim is extinguished on the trial, the

plaintiff was entitled to costs, although he recovered but six cents. The question ought, by this time, to be considered settled.

The order appealed from was properly made and must be affirmed, with costs.

HALL and HYATT, JJ., concurred.

Affirmed by common pleas, general term, January 5, 1886.