# LOUISVILLE, NEW ALBANY & CHICAGO RAILROAD COMPANY

## v.

## CRITTENDEN A. COX.

*Evidence—Experts—Opinion as to Value of Services.*

1.   Before a witness can be permitted to testify to the value of services, it must appear that he knew the usual rate of compensation paid for like services at the time when, and place where, they were rendered.   The mere naked opinion of the witness is incompetent.

2.   The admission of improper evidence is cause for reversal, unless the court can see that it had no influence in determining the result.

[Opinion filed April 3, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This is an action of assumpsit brought by appellee to recover for services alleged to have been rendered to appellant in appearing before the Indiana State Board of Equalization, and

L., N. A. & C. R. R. Co. v. Cox.

aiding appellant's general solicitor to prevent an excessive valuation of appellant's property for purposes of taxation. As to the value of the alleged services, appellee, as a witness in his own behalf, was allowed to testify as follows :

Q.   " Have you a knowledge sufficient to enable you to give an opinion as to what is a fair and reasonable charge for such services ?"

A.   " Yes, sir."

Q.   " What, in your opinion, was a fair and reasonable charge for the services you claim you rendered for this defendant company ?"

Objected to on the ground that the value of the services is for the jury to determine.

The Court: "The jury must pass on the value of the services. The expert—this witness—gives his opinion as the fair, reasonable and customary charge for the services. Let that be added to the question—the word customary. He says he has had experience in that line of business. If he knows what the services are fairly worth, he can tell."

Counsel for Defendant : "I don't understand the witness to say he has had any knowledge extending beyond his own experience in the matter as to the customary and reasonable value of such service."

The Court : " The trouble is that it is very hard in a case like this to establish the customary value of services, but the difficulty of proof does not, of course, change the rule of evidence. Let this witness answer the question, what in his opinion, is a fair, reasonable and customary charge, if he knows, for such services as these ?"

Witness : "It is not less than $700 ; between that and $1,000."

To all these questions and answers defendant objected and duly excepted.

On cross-examination the witness stated that he estimated from different elements which he took into consideration what was a fair and reasonable charge for his services, and that he did not know what the customary charge was—that he had it only from outside information what the customary

charge would be—that such outside information was the opinion of the attorney of the road, whom he had asked as to what he ought to get, and who said that for every $1,000 of valuation below $10,000 per mile, which witness should succeed in getting the valuation down, he ought to have $1,000. Therefore counsel for appellant moved the court to exclude all the testimony of said witness on the question oft he value of said services, but the court overruled the motion, and appellant excepted.

No other evidence as to the value of the services was offered on behalf of appellee. The verdict was for plaintiff for $500, and from the judgment thereon the case is brought to this court by appeal, and error in the admission of said evidence as to the value is assigned, as well as other errors.

Mr. DAVID J. WILE, for appellant.

If no objection had been made to the testimony its admission would warrant a reversal, upon the authority of Dorsey v. Corn, 2 Ill. App. 534, in which the court reversed a decree for attorney's fees, when attorneys testified as to what was a reasonable fee instead of what was a usual and customary charge. The court say: " We do not think the evidence sufficient to authorize the allowance made."

In Henry v. Hall, 13 Ill. App. 348, the court say: "The objection is not such as could have been removed by other evidence."

See also, Reynolds v. McMillan, 63 Ill. 47.

The testimony was incompetent, as stated in C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 145, " upon the ground that it was an opinion covering the very question which was to be settled by the jury. * * * It amounts to nothing more or less than permitting the witness to usurp the province of the jury. * * * It is not competent to ask the opinion of witnesses in such a way as to have it cover the very question to be found by the jury." * * * And, as though to bring the case on all fours with the one at bar, the court finally say: "The answers here given, and all of which were improper, constituted the only elements of the verdict and judgment rendered."

Messrs. Millard & Smith, for appellee.

Moran, J.  It is unnecessary to discuss other points made by counsel for appellant, as the one made upon the admission of the evidence of value set out in the statement of facts is well taken, and requires the reversal of the judgment.

Before a witness can be permitted to testify to the value of services, it must appear from his own, or other competent evidence, that he knew the usual value or the rate of compensation paid for like services at the time when, and place where they were rendered.  The mere naked opinion of the witness, without knowledge, is never competent evidence on such a question.  When he knows the market value or usual rate of compensation, he will be permitted to testify to such value or rate as a fact, and not as an opinion.  The testimony of the witness clearly shows that he did not know of any usual or customary rate of compensation for such services as he claims to have rendered, but that he had taken into consideration certain facts and circumstances as elements, and formed an estimate or judgment of the value of the services, which estimate he was permitted to state to the jury.  Such an estimate, sworn to before a jury, furnishes them no basis for a verdict. The case of Larmoure v. Caryl, 4 Den. 370, is apt on this point.  There the witness, a farmer, who testified that he did not know what clerks in stores usually received, was permitted, against objections, to state what his estimate of the value of the services of such a clerk was.  The court said: "In general, the opinion of a witness is not evidence for a jury, although there are exceptions to the rule.  But they all proceed on the principle that the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness. *  *  *  The witness whose opinion was received was not shown to have any means of knowledge on this subject, beyond the range of the jury. *  *  *  The parties were entitled to the judgment of the jury on the value of the services, and how were they rightfully to be aided by the mere opinion of a witness who had no means of information beyond

their own? Opinions are to be formed by jurors, but it is the business of the witness to deal with facts." See also Norman v. Wells, 17 Wend. 136; Fish v. Dodge, 4 Den. 311; and Harris v. Roof's Executors, 10 Barb. 489, in which last case the admission in evidence of the opinion of a witness as to the value of a party's services in attending the Legislature in support of a claim against the State, where the witness testified that he had experience in that kind of business for years, but he never heard of the rate of compensation for such services, or services of that nature, was held to be error.

The difficulty of proving the customary value of such services as are claimed for here does not warrant a departure from the proper rule. All the facts of the services can be proved to the jury, and by aid of their own knowledge and judgment, they may determine from matters of fact what the damages should be. Norman v. Wells, *supra;* Head v. Hargrave, 105 U. S. 45.

This evidence admitted comes clearly within the objection stated by our Supreme Court in C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 143, that it permitted the witness to usurp the function of the jury.

The admission of improper evidence will always be cause for reversal, unless the court can say that it had no influence in determining the result.

For error of admitting said evidence, the judgment must be reversed and the case remanded.

*Reversed and remanded.*