RUSSELL *et al.* v. BARDES.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

1. PARTNERSHIP—CONTRACT MADE BEFORE PARTNERSHIP AGREEMENT.
    In an action for the value of work done by plaintiffs for defendant, it appeared that plaintiff R., being indebted to defendant, agreed to do the work in question in

payment thereof. Before doing the work, and without the knowledge of defendant; R. entered into a partnership agreement with plaintiff M. *Held,* that plaintiffs could not recover the value of such work without first deducting therefrom the amount of R.'s debt to defendant.

2. Costs—Amount Recovered in Suit.

In such case the claim of plaintiffs and defendant against each other, respectively, are not mutual accounts, within Code Civil Proc. N. Y. § 3228, subd. 3, and 2863, subd. 4, providing that plaintiff is entitled to costs, of course, on a final judgment in his favor, "where, in a matter of account, the sum total of the accounts of both parties * * * exceeds $400."

Appeal from Richmond county court.

Action by George E. Russell and Amos Manseau against Frederick B. Bardes for work done and material furnished by plaintiffs, as copartners, in repairing defendant's premises. Plaintiff Russell, a carpenter and builder, being indebted to defendant, a butcher and grocer, to the amount of $174 for supplies furnished to Russell's family, agreed to make certain repairs on defendant's stable in payment of such amount and such future advances as defendant might make. Before commencing the work, Russell entered into a partnership with plaintiff Manseau for the purpose of prosecuting the business of carpenters and builders, and the work was performed by plaintiffs without defendant's knowing that the partnership existed. Defendant continued to supply Russell's family with groceries until the work was finished, when the bill therefor, $351.75, was presented in the name of Russell & Manseau, and the credit of defendant's claim thereon was refused. Plaintiffs recovered judgment for $40.20, the difference between their claim against defendant, with interest, and that of defendant against Russell, and judgment was given for defendant for costs. Plaintiffs appeal. Code Civil Proc. N. Y. § 3228, provides: "The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in either of the following actions: * * * (3) An action specified in subdivision * * * fourth or fifth of section two thousand eight hundred and sixty-three of this act." Section 2863 provides that "a justice of the peace cannot take cognizance of a civil action in either of the following cases: * * * (4) Where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds four hundred dollars."

Argued before Barnard, P. J., and Dykman and Pratt, JJ.

*John Widdecombe,* for appellants. *George J. Greenfield,* for respondent.

Pratt, J. This is an appeal from a judgment entered upon the verdict of a jury in the county court of Richmond county. There is also an appeal from the taxation of costs. The jury, in effect, found that the claim for which the suit was brought arose under a special contract between the plaintiff Russell individually and the defendant, and the evidence supports that finding. If there was a special contract that Russell should do the work specified in payment of a debt which he then owed the defendant, and also in payment of such further advances in merchandise as the defendant might sell Russell, whatever arrangement the latter might make with another person could not affect such contract. Undoubtedly the main consideration of employing the plaintiff Russell by the defendant was to secure the payment of Russell's indebtedness, and especially so must have been the trusting of him for more goods. The jury probably thought it would be a fraud to allow the plaintiff to recover upon the ground that he had a partner, and thus avoid the payment of his just debts. Assuming there was a partnership, it was not entered into until after the contract was made with the defendant, so that at that time Russell's services were pledged to the defendant, and the work was all done under that contract. To allow Russell now to rescind that contract, and recover, upon the ground that he had a partner, would be a gross fraud upon the defendant. Story, Partn. §§ 132, 133; Lindl. Partn. p. 369. The case was fairly submitted to the jury, and no exception to the charge discloses any er-

ror sufficient to warrant a reversal of the judgment. We also think the defendant was entitled to costs. It was not a case strictly of mutual account, but, as fast as the plaintiff Russell earned anything, it was a payment *pro tanto* on account, and the balance only, after the amount of the payments are deducted, constitutes the matter in controversy, which did not amount to a sufficient sum to oust the jurisdiction of a justice's court. *Brisbane* v. *Bank,* 36 Hun, 17; *Burdick* v. *Hale,* 13 Abb. N. C. 60; *Matteson* v. *Bloomfield,* 10 Wend. 555. It is clear, under the proofs, that $174 of defendant's claim against Russell was a liquidated claim, as it was an old account which had been presented to and admitted by Russell, and which he had promised to pay; so that, deducting that amount from Russell's claim, the balance of the contested items did not exceed $400. It was not a case of mutual accounts. The order allowing costs must therefore be affirmed. All concur.